Montgomery *et al. v.* Gorrell *et al.*

---

MONTGOMERY ET AL. *v.* GORRELL ET AL.

PRACTICE.—*Supreme Court.—Alteration of Transcript.*—Where, on appeal to the Supreme Court, alterations have been made in a bill of exceptions and the transcript of the record, by counsel for the appellant, before they were signed, without any wrongful purpose, the appeal will not, because of such alterations, be dismissed, but the parties will be left to the usual methods of correcting the record.

SAME.—*Instrument Lost or Taken from Files.*—Where a written instrument which should constitute part of the record cannot be found, so as to be copied into a transcript for appeal to the Supreme Court, a supposed duplicate thereof should not be substituted without the consent of the appellee or his attorney, but proper proceedings should be instituted to compel the production of the original, or to prove its contents and thus make it a part of the record.

From the Jefferson Circuit Court.

*E. G. Leland, V. Kirk, J. L. Wilson, R. R. Wilson,* and *J. H. Stotsenburg,* for appellants.

*C. A. Korbly,* for appellees.

BUSKIRK, C. J.—The appellees have filed a written motion to dismiss the appeal in this cause, for the following reasons:

1. Because the transcript filed in this court has been, since it was certified by the clerk, materially and wrongfully changed by erasures and interlineations.

2. That counsel for appellants caused to be copied into the transcript certain tax receipts which were not read in evidence, and which are materially different from those that were read on the trial.

3. That the transcript contains an exception to the giving of certain instructions which is not in the original bill of exceptions.

The motion was supported by affidavits. A copy of the motion was served upon counsel for appellants, and they were notified when the motion would be heard.

The parties have had a full hearing. A large number of affidavits have been read by each of them.

It was very fully proved that there was an interlineation, in the handwriting of one of the attorneys for appellants, in the original bill of exceptions, and that the words inserted have been copied into the transcript. But we think it was shown by the weight of testimony that such alteration was made before the bill of exceptions was signed by the judge.

It was also very clearly proved that the alterations and interlineations in the transcript, complained of in the motion, were made by one of the attorneys for appellants. The attorney named, in his affidavit, admitted that such alterations were made by him, but claimed that they were made by authority and before the transcript was certified by the clerk of the court below.

It appears of record that the clerk of the court below employed an attorney of that court to make out the transcript; that when it was made out it was handed by such person to one of the attorneys for the appellants for examination and correction; and that such attorney made the three changes complained of, and that about twenty-five other alterations were also made. In our judgment, it was very clearly and satisfactorily proved, that such alterations and interlineations were made before the transcript was certified by the clerk.

While we are of opinion that the attorneys for appellants acted in good faith, believing they had a clear legal right to do what they did do, we must express our entire disapproval

of the manner in which the alterations and interlineations were made. It was proper for the attorney who made out the transcript to submit the same to the attorneys for appellants for examination and correction; but counsel for appellants should have noted down on a separate paper the alterations they desired made, and should have submitted the same to the person charged with the preparation of the transcript, who should have made such changes as he thought were right.

An attorney should never, under any circumstances, make any changes or interlineations in a record, in his own hand-writing. The changes and interlineations in the bill of exceptions and transcript, being in the handwriting of one of the attorneys for appellants, very naturally and reasonably excited a suspicion in the minds of the attorneys for appellees, that there had been a wrongful tampering with the record, and hence this proceeding.

Counsel for appellants have reason for thankfulness that they were so circumstanced that they have been able to show when and under what state of facts the alterations and inter-lineations were made. The jeopardy in which they have been placed should be a warning to them and all other attorneys.

Upon the trial of the cause in the court below, the appellees read in evidence certain tax receipts, but they were taken away by the wife of one of the appellees. They were made a part of the bill of exceptions by the words " here insert," but when the person engaged in making out the transcript desired to copy them into the transcript, they could not be found. Counsel for appellants applied to the appellees and their counsel for such receipts, but they all said they did not have them, and did not know where they were. In this emergency, the person making out the transcript, one of the appellants, and one of his attorneys, but not the one who made the alterations in the bill of exceptions and transcript, went to the treasurer's office and procured what were supposed to be duplicates of the original receipts, which were copied into the transcript. The original receipts contained a description of the land upon which the taxes were paid; but those copied into the record do not.

This substitution might have been made with the consent of the appellees or their attorneys, but not otherwise. Counsel for appellants should have compelled, by proper proceedings in the court below, the production of such receipts, or, if they were shown to be lost or destroyed, should have proved their contents, and thus made them a part of the record. They constituted a part of the files and should not have been taken away, and the person who did so should have been punished for contempt.

Having reached the conclusion, from a very careful consideration of the evidence, that the alterations in the bill of exceptions and transcript were made before they were signed, and that counsel for appellants were not actuated by any wrongful or criminal purpose, we think the appeal should not be dismissed, but that the parties should be left to the usual methods of correcting the record.

The motion is overruled.