## BEGEMAN, EXECUTRIX, v. SMITH.

[No. 12,705.   Filed January 11, 1927.   Rehearing denied March 15, 1927.   Transfer denied June 29, 1932.]

*Charles D. Hunt,* for appellant.

*Will R. Vosloh* and *Walter W. Wood,* for appellee.

MCMAHAN, C. J.—This is an appeal on a reserved question of law, and is taken from a judgment in appellee's favor allowing a claim against the estate of Philip Begeman, deceased. Appellant contends the court erred in overruling her challenge of the array and in overruling her challenge to each of eight members of the panel.

On February 8, 1926, the clerk drew the names of 12 persons to serve as petit jurors for the term of court beginning February 15. A venire was properly issued to the sheriff and served, summoning the panel so drawn to appear February 16. All this was done in strict accordance with §1822 Burns 1926, §1387 R. S. 1881.

On February 16, when the jury was called, eight of the panel failed to appear. The record states that the eight members of the panel so failing to appear were excused for cause and the court ordered the sheriff to place eight men in the panel as substitutes for the eight who were excused; that the sheriff selected from the by-standers certain named men, eight in number, and placed them in the panel; and that they were "by the court ordered to become members of the regular panel." The record then recites that "the panel is now composed of" the four whose names were drawn from the jury box, and the eight who were placed in the panel by the sheriff, and that these 12 men constituted the regular panel of the petit jury for the term.

The instant case being called for trial on said last-named day, the panel as then constituted, consisting of the four drawn from the jury box, and the eight placed in the panel by the sheriff, was called and tendered to the parties as the regular panel for the term. The examination of the panel *voir dire* also disclosed that but four of the panel tendered had been drawn from the jury box and that eight were substitutes placed in the panel by the sheriff under order of the court. Immediately following the examination and before any further step was taken appellee and appellant each filed separate challenges to the array for the reason that the record disclosed that eight members of the panel tendered were not members of the regular panel and that their names had not been drawn out of the jury box, but that they were substituted by the court as substitutes for and in the place of members of the regular panel that were drawn out of the jury box. These challenges to the array were overruled and appellant and appellee each saved an exception to the ruling of the court. Appellant thereupon challenged each of the said eight members of the panel for the reason that the name

of such person was not drawn out of the jury box as a member of the regular panel but was substituted by the court in place of a person whose name had been drawn out of the box by the clerk. The challenge as to each of these eight bystanders was overruled and exception saved to each ruling.

Chapter 43, Acts 1909 p. 103, is an act entitled: "An act providing for the drawing of jurors for the filling of regular panels of jurors where persons drawn for jury service or jurors have been excused from service for the term by the court."

This act has but one section and it provides that: "In the circuit, superior, criminal and probate courts of the State of Indiana, where persons drawn for jury service or jurors in any such courts have been excused from service for the term of court, the judge thereof shall immediately notify the clerk of the circuit court thereof and of the number so excused from the service, and said clerk shall immediately proceed to draw from the jury box for each of said courts the number of names required by each of said courts to fill up the regular panel thereof, and record and certify such drawing upon the proper order-book of such courts respectively, and the names so drawn and certified shall become members of the regular panel of such court for such term. The names shall be drawn and the persons summoned in accordance with the existing provisions for the drawing and summoning of jurors, except that such persons so drawn shall be immediately summoned to appear at once in such courts: Provided, That the failure of the judge of any court or any clerk or other officer to perform his duties hereunder shall in no case be grounds for the continuance of any case, but, in such event, said panel may be filled from talesmen as now provided by law: Provided, further, That this act shall not apply where a member of any such jury is removed for cause, or

peremptorily, under the present laws, but, in such case, said panel shall be filled from talesmen as now provided by law: And provided further, That the bailiff of such court, or sheriff, shall go outside the court-house and summon reliable and reputable citizens for such jury service." §580 Burns 1926.

Section 1822, *supra,* provides, among other things, that on the Monday preceding the commencement of any term of court the clerk shall draw from the jury box 12 names of persons as petit jurors for such term and record and certify such drawing on the order-book and issue a venire therefor as the court directs. The court may, after a petit jury has served four week during a term of court discharge it, and direct the clerk to draw another petit jury and summons the same.

Sections 578, 579, and 1826 Burns 1926, §§520, 532, and 522 R. S. 1881, are as follows: Section 578: "In any civil action where the parties are entitled to a trial by jury, and either party shall demand such trial, the sheriff shall call a jury from the regular panel, except as hereinafter provided." Section 579: "When the regular panel is exhausted, or is insufficient from any cause, the sheriff shall call the bystanders, or fill the jury in such a manner as the court may direct." Section 1826: "The court shall have the power, when the business thereof requires it, to order the impaneling of a special jury for the trial of any cause."

Appellee calls attention to the three sections of the statute last quoted and to that part of §580, *supra,* which provides that: "Failure of the judge of any court or any clerk or other officer to perform his duties hereunder shall in no case be grounds for the continuance of any case, but, in such event, said panel may be filled from talesmen as now provided by law," and says these statutes gave the court the power to fill vacancies in the panel either from a special venire or from bystanders,

and that the manner of filling vacancies in the regular panel was within the discretion of the court.

If by this contention appellee means the court has authority when a member of the regular panel of a petit jury has been excused for the term, to direct the sheriff to fill such vacancy from bystanders and that the court may then make such bystander a member of the regular panel for the term, this contention cannot prevail. Section 1822, *supra,* provides the manner in which the original panel shall be drawn. Section 580, *supra,* provides the manner in which vacancies in such panel shall be filled. This section expressly provides that, when the court has excused a member or members of the regular panel for the term, the court shall immediately notify the clerk of the number excused, and the clerk shall immediately proceed to draw from the jury box the number of names required to fill up the regular panel.

When the instant case was called for trial, there being but four members of the regular panel of the jury present, the court had the power and authority in order to secure a jury for the trial of the cause, to direct the sheriff to fill the panel from bystanders. The court, however, had no authority to substitute such bystanders for members of the regular panel who had been excused, and to make such bystanders members of the regular panel for the term. The bystanders so placed in the panel by the sheriff were subject to challenge the same as any other bystander who might have been placed in the panel to fill the panel by reason of the removal of any member thereof on account of a challenge or otherwise. We wish to make ourselves clear on this subject. Sections 1822 and 580, *supra,* expressly provide how members of the regular panel shall be drawn and how vacancies in the regular panel shall be filled. These sections negative the

idea that bystanders can by order of court or otherwise be made members of the regular panel. This does not mean that a litigant has the right to have the regular panel try his cause. No such right is given him. And the court, when the business of the court requires it; or in order to prevent a continuance of a cause, may cause vacancies in the regular panel of the jury to be filled from bystanders or in such other manner as in its discretion the court may direct. And we repeat the court has no authority to direct that the persons so placed in the panel to fill vacancies, shall become and be members of the regular panel. Any order a court might make to that effect would be beyond the power of the court to make.

In *Stipp* v. *State* (1918), 187 Ind. 211, 118 N. E. 818, a member of the grand jury had been excused for cause and the court, acting under §2122 Burns 1926, §1651 R. S. 1881, completed the grand jury from the bystanders. It was there held that such a grand jury had not been organized in accordance with the statute, and that an indictment returned by such a grand jury was void. The court, after quoting §580, *supra*, said: "The language used in the above statute indicates that it is of broad application and is intended to apply in the selection of grand as well as petit juries. So considered, it is to be construed, in connection with §1668 Burns 1914, *supra*, (§1822 Burns 1926) as announcing the rule that when a member of the regular panel of any jury is excused from service for the term of court, his successor must be selected under the latter statute in the same manner as the original panel should have been drawn."

The circuit courts in this state, with few exceptions, have jurisdiction to try civil and criminal cases, and the same jury tries both classes of cases. In view of the language of the Supreme Court in the Stipp case

we need not pursue this subject further. On the authority of that case we hold the act of the trial court, ordering that the bystanders placed on the panel for the term, void. This holding, however, does not mean the court erred in overruling the challenge to the array or to the several bystanders who were placed in the panel.

The array is the whole body of persons summoned to attend a court as they are arrayed or arranged on the panel. A challenge to the array is an irregular form of pleading by which an objection or exception is made to all the jurors upon the *venire* for some original defect in making the return thereto. *Durrah* v. *State* (1870), 44 Miss. 789. A challenge to the array must be based upon some irregularity affecting the whole panel. *State* v. *Cartright* (1882), 20 W. Va. 32. A challenge to the poll goes to the qualification of a particular juror and not to the constitution of the panel. *Young* v. *State* (1900), 90 Md. 579, 45 Atl. 531.

The drawing of an excessive number of persons as members of the panel is not ground for challenge to the array, but is ground for challenge to the several persons drawn in excess of the number provided for by statute. *State* v. *Morse* (1914), 35 S. D. 18, 150 N. W. 293, Ann. Cas. 1918C 570; *State* v. *Hogan* (1896), 67 Conn. 581, 35 Atl. 508; *Commonwealth* v. *Chance* (1899), 174 Mass. 245, 54 N. E. 551, 75 Am. St. 306; *Hewitt* v. *Saginaw Circuit Judge* (1888), 71 Mich. 287, 39 N. W. 56.

The fact that the court erred in making the order purporting to make the eight persons selected by the sheriff from the bystanders members of the regular panel for the term, did not affect the other four members of the panel who were legally drawn, and was no ground for challenge to the array. See *Con-*

*key* v. *Bank* (1857), 6 Wis. 439. The court on motion, doubtless, would have vacated that part of the order. The court did not err in overruling the challenge to the array.

Appellant does not claim that any one of the eight persons placed in the panel by the sheriff was not competent to serve as a juror. The only ground of challenge was that the names of such persons were not drawn out of the box by the clerk in accordance with the provisions of sections 1822 and 580, *supra*. The fact that the names of these persons were not drawn out of the jury box by the clerk was no ground for challenge. If the record had shown that any one of the bystanders placed in the panel had served on the jury within a year and had been challenged for that reason a very different question would have been presented.

As was said in *State* v. *Hensley* (1886), 94 N. C. 1021: "It is very important that the statutory regulations in respect to the selection of jurors, be faithfully observed. A due observance of them, greatly promotes the fair and intelligent administration of public justice, and besides, the plain commands of a statute should never be neglected or disregarded by those charged with special duties." The fact that two names had been improperly placed in the venire was in the above case held not to be reason why the whole panel should be quashed.

"The powers of a trial court during the progress of a term of court cannot be too much circumscribed. Rules of practice and procedure must have some elasticity. The administration of the law is a practical matter, and much must be left to the wisdom and judgment of the presiding judge." *State* v. *Lundgren* (1913), 124 Minn. 162, 144 N. W. 752, Ann. Cas. 1915B 377. But courts should not arrogate

the right to dictate the manner of filling vacancies in the regular panel of a jury, when the Legislature has declared how such vacancies shall be filled. All presumptions are in favor of the regularity of the actions of the trial court. We will, therefore, presume that the orderly dispatch of the business of the court required that a jury be impaneled for the trial of the case then on call, and that the panel was ordered filled from bystanders in order to prevent a delay or continuance.

No error being shown in the action of the court, the judgment is affirmed.

### ON PETITION FOR REHEARING.

McMAHAN, C. J.—Appellant in her petition for a rehearing says we erred in holding that the eight jurors "were substitutes placed in the panel by the sheriff under order of the court," when, as she says, the bill of exceptions shows the trial judge selected and designated the eight persons who were placed on the jury. The weakness of this contention is that the record does not support the statement that the court selected and designated the persons to be placed in the panel. The order-book entry upon this subject states that the court ordered the sheriff to place eight men in the panel as substitutes for the eight who were excused; that the sheriff selected from the bystanders eight persons and placed them in the panel. True, each of the eight bystanders, when examined *voir dire* in answer to questions, stated he was not one of the jurors whose name had been drawn out of the jury box by the jury commissioners; and that he had been placed on the jury as a substitute for one who had been so drawn and who had been excused by the court. After having so testified each of said bystanders was asked if the "court substituted" him, to which he answered "Yes."

Appellant insists the answers of the bystanders to

the effect that they were substituted by the court, imports absolute verity and must be so accepted by this court, notwithstanding the order-book entry so made by the trial court. The bill of exceptions imports absolute verity as to the testimony of each juror on his *voir dire*. The bill of exceptions does not disclose anything concerning the circumstances connected with the selecting of the talesmen and the placing of them in the panel. The record as made by the court prior to the examination of the jury *voir dire* states that the sheriff was by the court ordered to select eight bystanders and place them in the panel, and it is not to be overthrown by the statement of the juror that he was substituted by the court.

Rehearing denied.

Dausman, J., absent.