McINTYRE *v.* STATE OF INDIANA.

[No. 26,021. Filed December 12, 1933.]

654

*Russell J. Wildman,* for appellant.

*James M. Ogden, Attorney-General,* and *Merle M. Wall,* Deputy Attorney-General, for the State.

TREANOR, J.—Appellant was prosecuted for a criminal offense under an affidavit. He was convicted and judgment was rendered on the jury's verdict. A motion for a new trial was overruled several months later.

The assignment of errors is as follows:

(1) The court erred in overruling appellant's motion to quash the affidavit.

(2) The court erred in overruling appellant's motion for a new trial.

(3) The court erred in overruling appellant's motion in arrest of judgment.

(4) The court erred in overruling appellant's motion for a venire de novo.

(5) The court erred in overruling appellant's motion to separately and severally substitute copies of each

separate and several pleadings or papers lost or destroyed.

The transcript of the record does not contain a copy of the affidavit or any of the pleadings filed by the appellant in the course of the trial. Consequently there is nothing before us in support of the first four alleged errors. As disclosed by the record and by appellant's brief the motion to substitute copies of pleadings was not filed until almost six months after the trial court had overruled appellant's motion for a new trial and had pronounced judgment. The motion to substitute was filed for the purpose of enabling appellant to appeal his case and the trial court's action thereon did not in any way affect the conduct of the trial. It follows that the trial court's overruling of the motion, even though erroneous and prejudicial, cannot be considered by this court as a ground for reversal of the judgment of the trial court. If the pleadings had been lost or destroyed during the trial the overruling of a motion to substitute copies for use during the trial could have been assigned as a ground for a new trial. But when, as in the instant case, the pleadings are not lost or destroyed until after the trial is concluded and substitution of copies is sought for the purpose of appeal the remedy for refusal of a trial court to substitute copies would be a petition for writ of mandamus in aid of our appellate jurisdiction. Consequently, we cannot pass upon the action of the trial court in overruling appellant's motion to substitute copies unless we treat appellant's fifth specification of error as a petition for a writ of mandamus.

It appears from the record and appellant's brief that appellant's motion requested the trial court "to permit him (the defendant) to substitute copies of each and all pleadings heretofore filed in this action . . . and for an order ordering said copies sub-

stituted and considered in lieu of the originals;" and that after a hearing the trial court found "that each and all of said papers and pleadings in said cause cannot be found and have been lost or destroyed and that there are no copies to be found of any of said pleadings except a copy of the affidavit which is in the affidavit record in the clerk's office of said court." We think the trial court should have ordered a substitution of a copy of the affidavit but the trial court could not "permit" the defendant to file copies of the other pleadings and papers or order "said copies substituted and considered in lieu of the originals" in the face of the finding that there were "no copies to be found of any of said pleadings." Obviously a trial court is bound to allow a party an opportunity to substitute actual literal copies of lost pleadings or papers; and if a party should offer such copies it would be the clear legal duty of the court to authorize their filing and use. In case no literal copies are in existence a party is entitled to establish a copy by proving the contents of the lost papers or pleadings.

"Counsel for appellants should have compelled, by proper proceedings in the court below, the production of such receipts, or, if they were shown to be lost or destroyed, should have proved their contents, and thus made them a part of the record." *Montgomery et al.* v. *Gorrell et al.* (1874), 49 Ind. 230, 233.

The record in this appeal does not show that the appellant offered to prove the contents of the lost pleadings or that it was possible to do so. On the meager showing of the fifth specification of error and appellant's brief it would be impossible for us to say that the trial court was under a duty to order a copy of any pleading substituted and filed, with the exception of a copy of the affidavit. But it would not avail the appellant anything to have a copy of the affi-

davit in the record without copies of the other pleadings.

A further obstacle to our granting relief is that appellant's brief does not cover any question except the action of the trial court in overruling the motion to substitute and file copies of the missing pleadings. If we could devise a way of getting copies of all the pleadings into the record we still should be under the necessity of holding that appellant's brief has waived all questions involved in the rulings on the pleadings. It is clear that we could not now authorize the filing of a brief by appellant in which would be presented for the first time the merits of the questions raised by the assignment of errors.

Judgment affirmed.