CALVERT *v*. STATE OF INDIANA.

[No. 31,008. Filed August 26, 1968.]

*Richard M. Orr,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Duejean C. Garrett,* Deputy Attorney General, for appellee.

PER CURIAM.—This is an appeal from the Scott Circuit Court in which appellant was tried by jury and found guilty of second degree burglary upon which sentence was entered sentencing appellant to not less than two (2) nor more than five (5) years in the Indiana State Reformatory.

Appellant urges as ground for reversal the failure of the trial court to comply with the Indiana Supreme Court's writ of certiorari dated January 30, 1967, and the failure to make any return thereto; the trial court erred in overruling a motion for continuance; the court erred and abused its discretion in the manner of selecting additional jurors when the panel was exhausted, and finally, that the verdict of guilty is not sustained by sufficient evidence.

As for the return to the order for writ of certiorari, the particulars ordered, made and certified by the clerk of the Scott Circuit Court were:

"1. There has been omitted therefrom 'all motions, rulings and orders concerning any delay in this trial' as referred to at page 29, lines 24, 25 and 26, of the transcript.

"2. A Bill of Exceptions containing the complete Voir Dire Examination.

"3. Any and all orders calling supplemental jurors, which orders are referred to at page 29, line 19, of the Transcript.

"4. Motions and objections to the manner of calling the supplemental jurors, particularly objections and overruling of counsel's requests for continuance and recess.

"5. Tendered motion to include omitted matter in Transcript of appeal.

"6. Tendered supplemental motion to include omitted matter in Transcript of appeal."

On May 13, 1968, the Clerk of the Scott Circuit Court filed a proper letter of return to the above mentioned order stating that his files contain no record of voir dire examination since none was requested; that there is no record of any motions or objections, written or oral; and that all records available to his office have been transcribed.

It has been held by this court that it is the duty of the appellant or his attorney to bring a proper transcript to the court and see that it is presented in the proper manner and form so as to raise contentions of error. *McIntyre* v. *State* (1933), 205 Ind. 653, 187 N. E. 835; *Messersmith* v. *State* (1940), 217 Ind. 132, 26 N. E. 2d 908.

The purpose of a writ of certiorari is to correct the transcript where the record below is correct but has not been correctly copied in the transcript. The return of the Clerk of the Scott Circuit Court indicates that the transcript filed with this court correctly reflects the record below.

If the record below is incorrect, it cannot be corrected by a writ of certiorari, but must first be corrected in the trial court and the corrections then brought up by certiorari. *Smith* v. *State* (1926), 198 Ind. 484, 154 N. E. 3. The transcript indicates that neither the appellant or his attorney made any request for recording of the voir dire examination, nor attempted to procure a special bill of exceptions concerning the jury's selection.

A bill of exceptions is likewise ordinarily the proper manner of preserving matters occurring during the trial, in the pres-

ence of the trial judge, and claimed to be the result of indiscretions or misconduct on his part. *Todd* v. *State* (1948), 226 Ind. 496, 82 N. E. 2d 407.

The case of *McDonald* v. *State* (1954), 233 Ind. 441, 118 N. E. 2d 891, properly states that before an appellant is entitled to a new trial the burden is on him to establish that he could not obtain an adequate bill of exceptions.

The record shows that attorney Britton Franklin of Louisville, Kentucky, appeared on behalf of appellant on April 19, 1965, to assist in appellant's arraignment. Thereafter, on June 10, 1965, appellant, by the same attorney, requested a continuance of the cause. The motion was granted and the cause was continued generally. On September 13, 1965, appellant requested a jury trial, and the cause was set for trial October 7, 1965.

On the morning of the trial, another attorney, Leland West, entered a joint appearance for appellant, conditioned upon the granting of a continuance. In the motion for continuance, Mr. West stated that he had that day been retained to appear in the cause and that additional time would be required in which to consult with appellant.

There was no withdrawal of appearance by attorney Britton Franklin, who, in fact, appeared for the appellant and represented the appellant during the trial of his case. The record indicates that appellant was given six months in which to prepare his defense, and that he enjoyed the services of an attorney during that entire period.

It is well settled that a defendant in a criminal case cannot claim a continuance without showing proper cause therefor. This court has stated that continuances are not favored and will therefore only be granted in the furtherance of justice on the showing of proper grounds. If a continuance is based on other than statutory grounds, the motion is directed to the court's discretion. *Ward* v. *State* (1965), 246

Ind. 374, 205 N. E. 2d 148; *Jay* v. *State* (1965), 246 Ind. 534, 207 N. E. 2d 501.

Appellant admits that his motion for continuance was based on other than statutory grounds, but states that the court abused its discretion in refusing to permit his "local counsel" sufficient time to prepare. A criminal defendant is entitled to a reasonable time to prepare for trial and have the aid of counsel. Appellant was provided with both.

Appellant contends that the trial court ordered that a "supplemental jury panel" be selected by the sheriff pursuant to Burns' § 2-2004, and appellant further alleges that this order was entered without notice to him and without his knowledge, and that he was prejudicially surprised thereby. None of appellant's contentions are substantiated by the order book entries set forth in the transcript. The entry for the first day of voir dire, October 7, 1965, reads:

> "The counsel, Eugene Hough, Prosecuting Attorney, and Britton Franklin announce ready for trial, and the jury box is now filled and oath given to the prospective jurors. The Voir Dire continues until approximately 2:00 P.M., this date and the jury list of petit jurors being exhausted and the jury box No. 8 being vacant the Court now orders the Clerk to immediately proceed under Statute 2-2004 to select 20 new prospective jurors and to have them available Friday, October 8, 1965, at 9:00 A.M. The Court finds that this method of selecting prospective jurors is proper under Statute 2-2004, Burns' Indiana Statute and now overrules and sets aside any and all motions, rulings and orders concerning any delay in this trial."

This entry indicates that both appellant and his attorney were present when the court ordered the clerk, not the sheriff as alleged by appellant, to proceed under Burns' § 2-2004 to select twenty prospective jurors to assist and have them available the next day at 9:00 A.M.

First, this transcript, as certified by the clerk, imports absolute verity and cannot be contradicted by statements of

the parties or of their counsel, verified or unverified. *Kain* v. *State* (1955), 234 Ind. 160, 125 N. E. 2d 436.

Since, therefore, the transcript recites that appellant was present in the courtroom, he cannot successfully contend he was not. *Blanton* v. *State* (1954), 233 Ind. 51, 115 N. E. 2d 122.

The court clearly ordered the clerk to proceed under Burns' § 2-2004, and Burns' § 4-3320 was not applicable.

Burns' § 4-3320 pertains solely to the drawing of a regular panel. The appellant made no argument that this section was not complied with in the selection of the initial panel.

Burns' § 2-2004, on the other hand, makes the following provision for filling vacancies on the regular panel:

"In the circuit, superior, criminal and probate courts of the state of Indiana, where persons drawn for jury service or jurors in any such courts have been excused from service for the term of court, the judge thereof shall immediately notify the clerk of the circuit court thereof and of the number so excused from the service, and said clerk shall immediately proceed to draw from the jury box for each of said courts the number of names required by each of said courts to fill up the regular panel thereof, and record and certify such drawing upon the proper order-book of such courts respectively, and the names so drawn and certified shall become members of the regular panel of such court for such term. The names shall be drawn and the persons summoned in accordance with the existing provisions for the drawing and summoning of jurors, except that such persons so drawn shall be immediately summoned to appear at once in such courts: Provided, That the failure of the judge of any court or any clerk or other officer to perform his duties hereunder shall in no case be grounds for the continuance of any case, but, in such event, said panel may be filled from talesmen as now provided by law: Provided further, That this act shall not apply where a member of any such jury is removed for cause, or peremptorily, under the present laws, but, in such case, said panel shall be filled from talesmen as now provided by law: And provided further, That the bailiff of such court, or sheriff, shall go outside the courthouse and summon reliable and reputable citizens for such jury service."

Where a juror is removed for cause or peremptorily, the court has the power and authority to fill vacancies in the regular panel in order to secure a jury for the trial of the cause. *Harlan* v. *State* (1921) 190 Ind. 322, 130 N. E. 413; *Begeman* v. *Smith* (1927) 94 Ind. App. 513, 154 N. E. 806.

In the case at bar the following were the facts: Mr. Arthur Francis testified that on April 9, 1965, he lived at 250 South, Highway 31, in Austin, Indiana; that he was living in a structure owned by Mr. Verdie Deaton, in which a Mobil Service Station and garage were operated; that his apartment connected with the garage. At approximately 10:00 P.M., the witness heard a noise in the west end of the building which sounded like a door was being torn down. He picked up his shotgun and flashlight, went out and entered the garage storage room where the appellant and another man had proceeded through the door that had been torn down and into the garage storage room. The man with the appellant escaped and the appellant was carrying a wrecking bar and wearing gloves. The owner of the building was immediately called.

At the time of the break-in the storage room contained two cars, a trailer and some lumber. There were also expensive tools in the front of the garage. When the owner arrived he found the witness Francis with the appellant in the grease room of the garage. The owner stated he had never given appellant permission to enter the building. The police arrived and arrested appellant. The appellant admitted he owned the wrecking bar heretofore mentioned.

Appellant was found inside the owner's garage with a wrecking bar in his hands and wearing gloves. Seconds earlier the sound of boards being ripped out was heard. The back door of the garage was found ripped off and torn down. The appellant had been detained by the witness with a shotgun. Appellant had explained his presence by stat-

ing that he thought the building was empty; that he had been hitchhiking and was simply looking for a place to sleep.

This court has repeatedly held that the state is not required to sustain a charge by direct evidence.

"It is sufficient if the evidence satisfies the triers of fact beyond a reasonable doubt. The triers of fact are not required to accept the defendant's story where his credibility has been impeached or where the evidence leads them reasonably to a contrary conclusion." *Schweigel* v. *State* (1964), 245 Ind. 6, 195 N. E. 2d 848.

The appellant in *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537, was convicted of entering to commit a felony, and alleged insufficient evidence to support the finding of intent to commit a felony when he entered. He likewise provided a story about how he happened to be in the building. This court, however, stated that the finder of fact was not bound to believe his story; that intent to commit the felony of larceny could reasonably be inferred from the circumstances.

The facts in the case at bar, both direct and circumstantial, are sufficient for the jury to conclude beyond a reasonable doubt that the appellant is guilty of breaking and entering.

Judgment of the Scott Circuit Court is affirmed.

Jackson, J. concurs in result.

Mote, J. not participating.

NOTE.—Reported in 239 N. E. 2d 697.