FRED D. JACKSON *v.* STATE OF INDIANA.

[No. 2-1272A144. Filed September 26, 1973.]

*James B. Melson,* of Anderson, *Frederick R. Spencer,* of Anderson, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

HOFFMAN, C.J.—Defendant-appellant Fred D. Jackson was charged by affidavit with the crime of carrying a pistol without a permit. He pleaded not guilty and was tried without the intervention of a jury. Upon a finding of guilty, appellant was sentenced to a determinate period of imprisonment of one year.

Appellant Jackson filed a motion to correct errors which was overruled by the trial court and this appeal followed.

The evidence most favorable to the State discloses that shortly after nine o'clock P.M. on September 24, 1971, the Anderson Police Department received from an unknown source information to the effect that Fred D. Jackson "was carrying a gun." A police officer, without obtaining a warrant, proceeded to an establishment known as the "Lost World Tavern" and found Jackson sitting behind the steering wheel of an automobile which was in an adjoining parking lot. At this time he was joined by two other police officers. They approached "the driver side of the vehicle" and requested Jackson to step out of the automobile. When Jackson complied, the officers "observed a butt of a pistol sticking out of his pocket." Thereupon, the defendant was asked if he had a permit to carry the weapon. Upon stating that he did not, the gun was confiscated and Jackson was placed under arrest for public intoxication and advised of his rights.

The only issue which we will consider is whether the trial court erred in admitting into evidence, over defendant's objection, a pistol taken from his possession at the time he was arrested for public intoxication.

Jackson contends that the fruits of warrantless searches and seizures made pursuant to information supplied by unknown informants of unknown reliability are inadmissible.

In *Bowles* v. *State* (1971), 256 Ind. 27, 267 N.E.2d 56, our Supreme Court ruled that police responding to a "tip" from an informer of previously untested reliability did not, absent extrinsic facts either from the informer or other reliable sources, have probable cause for arrest.

It has also been held that a police officer who has reason to believe that he is dealing with an armed and presently dangerous individual may make a reasonable search for weapons although he may lack probable cause to arrest. *Terry* v. *State of Ohio* (1968), 392 U.S. 1, 88 S. Ct. 1868, 1881, 20 L. Ed. 2d 889. However, such a search must be based upon more than a mere "hunch" or suspicion. *Sibron* v. *State of New York* (1968), 392 U.S. 40, 88 S. Ct. 1889, 20 L. Ed. 2d 917. A police officer must be able to point to definite facts from which he could reasonably infer that the individual he is confronting is armed and dangerous. *Terry* v. *State of Ohio, supra.*

A "tip" from an unknown informer of unknown reliability may create, at most, mere suspicion. We therefore find that the officers were not justified in their "seizure" of Jackson absent anything whatsoever to corroborate the information which they received.

Evidence obtained through unreasonable searches and seizures is not admissible. *Mapp* v. *Ohio* (1961), 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, 84 A.L.R. 2d 933; *State* v. *Buxton* (1958), 238 Ind. 93, 148 N.E.2d 547.

It is our conclusion that the trial court erred in admitting the pistol in question into evidence.

The judgment of conviction entered by the trial court is therefore reversed.

Reversed.

Sharp and Staton, JJ., concur.

NOTE.—Reported at 301 N.E.2d 370.