DENNIS WAYNE BROECKER *v.* STATE OF INDIANA.

[No. 1-474A53. Filed August 7, 1974.]

*Malcolm G. Montgomery,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant was convicted of the crime of auto theft by a jury in the Vanderburgh Superior Court. The court entered judgment on the verdict.

A motion to correct errors, together with memorandum, was timely filed and was by the court overruled.

The facts are that Officer Reed of the Evansville Police Department observed appellant driving an automobile at about 4 o'clock A.M., which had painted on the windshield "For Sale" and "$500.00." The car lights were not burning and there was no license plate on the car. Appellant was stopped by Officer Reed and other police and was unable to provide a driver's license at that time or to produce a registration or bill of sale or license plates for the car. A subsequent investigation revealed that the tires on the car matched the tire marks left on the sales lot of Joe Sanders Motors in Evansville and it developed the car had been removed from the Sanders lot without the owner's permission.

Officer Reed, while a witness, was asked a question about a conversation between him and another police officer in another automobile who had joined in the attempt to run down and stop appellant's motor vehicle.

Appellant objected on the theory that the evidence to be elicited from the officer was hearsay and inadmissible. The court asked the prosecutor if he intended to call the officer to whom Officer Reed was talking. That officer was under subpoena and in the court room at the time and the prosecutor informed the court that he intended to call him. The court then overruled the objection.

The second objection to Officer Reed's testimony on the ground that it was hearsay was made when Officer Reed was asked what he did at a particular time and his partial answer, before objection was made, was that they checked the serial number of the car through the NCIC system, which is a national crime information center. The court then overruled the objection and permitted the officer to continue with

his answer in which he stated that the officers checked the serial number of the car and the color and make through two separate computers available to them, the Idex system and the NCIC system, to see if the car was possibly stolen or wanted. He did not state that he learned the car was stolen.

Appellant objected further, his objection being overruled.

The officer then was asked if he did anything further, to which question his answer was not responsive, but related to a nearby disturbance near the place of apprehension, and that question was never answered by Officer Reed.

Appellant never moved to strike out the partial answers given by Officer Reed for the purpose of objection and not having moved to strike the partial answers for the purpose of objection and having the court instruct the jury to disregard the partial answers, appellant cannot now be heard to complain, as he did not properly save his objection.

This being a criminal case we shall, nevertheless, pass on the merits.

In answer to the claimed error that the evidence was hearsay our Indiana courts have defined hearsay in many instances. In *Blue* v. *Brooks* (1973), 261 Ind. 338, 303 N.E.2d 269, 273, the Supreme Court said:

"Out-of-court statements offered in court for the truth of the matter therein are hearsay. But where the statements are not offered for the purpose of proving the fact asserted, they are not hearsay. *Indianapolis Newspapers, Inc.* v. *Fields* (1970), 254 Ind. 219, 249 N.E.2d 651. . . ."

In the case of *Pennebaker* v. *State* (1971), 256 Ind. 524, 270 N.E.2d 756, 760, our Supreme Court discussed the reason for the exclusion of hearsay evidence and went further to say:

" '. . . If, therefore, an extra-judicial utterance is offered, not as an assertion to evidence the matter asserted, but without reference to the truth of the matter asserted, the Hearsay rule does not apply. The utterance is then merely

not obnoxious to that rule. It may or may not be received, according as it has any relevancy in the case; but if it is not received, this is in no way due to the Hearsay rule.

. . . The Hearsay rule excludes extrajudicial utterances only when offered for a special purpose, namely, as assertions to evidence the truth of the matter asserted.' 6 Wigmore, Evidence, § 1766 (3d ed., 1940)." See, also, *Cain* v. *State* (1973), 261 Ind. 41, 300 N.E.2d 89, 94 and *Wells* v. *State* (1970), 254 Ind. 608, 261 N.E.2d 865.

The evidence offered here was not made as proof of the crime but was made to show the appellant was observed in the stolen motor vehicle and trapped by the two police cars and, further, how police officers attempted to determine if the car was stolen. The record further discloses that the car was determined stolen by the officers comparing tire tracks on the lot from which the car was stolen to tires on the car, which was by direct evidence. Thus, the evidence in question was not, in our opinion, offered as an assertion to show the truth of the matters asserted therein and it was not error to permit the witness to answer the questions.

Further, assuming arguendo it was error, then it was harmless error as the appellant was not prejudiced by the evidence and any error would be harmless. (Ind. Rules of Procedure, Trial Rule 61.)

Appellant next argues that the court committed reversible error in giving the jury State's Instruction No. 1, which is in the words and figures as follows, to-wit:

STATE'S INSTRUCTION NO. 1

"Evidence may be broadly classified as being either direct or circumstantial. An example of direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eye witness; circumstantial evidence is proof of a chain of facts and circumstances indicating the guilt or innocence of a defendant.

The Law makes no distinction between the weight to be given to either direct or circumstantial evidence, it does require that the jury, after weighing all the evidence, must be convinced of the guilt of the defendant beyond a reasonable doubt before he can be convicted."

Defendant-appellant timely filed objection to the instruction, which objection is in the words and figures as follows, to-wit:

## DEFENDANT'S OBJECTION

"The defendant would object to State's Instruction No. 1 for the following reasons:

(1) The instruction does not properly state the law in the State of Indiana.

(2) It is mandatory in nature and invades the province of the jury.

(3) It calls attention to an obscure fact and puts undue weight on the evidence."

In support of appellant's contention he omits any argument on reasons 1 and 2 and thereby waives the same under Indiana Rules of Procedure, Appellate Rule 8.3(A)(7), and they will not be discussed in this opinion.

Appellant urges under reason 3 that the instruction misstates the law concerning the weight to be given evidence and that there is a distinction between the weight of direct and circumstantial evidence, and cites the cases of *Cavender* v. *State* (1890), 126 Ind. 47, 25 N.E. 875 and *Manlove* v. *State* (1968), 250 Ind. 70, 232 N.E.2d 874. The definition of circumstantial evidence in each of these cases is that circumstantial evidence must be so conclusive in character and point so surely and unerringly to the guilt of the accused as to exclude every reasonable hypothesis of innocence. Appellant then posits that when evidence is circumstantial in nature it must be strong and convincing and goes further to say that direct evidence need not be.

It must be noted that each case relied upon by appellant relies on the sufficiency of circumstantial evidence only. The "weight" of the evidence is the probative value assigned to each piece of evidence, while "sufficiency" is the degree of proof necessary for conviction. Sufficiency of evidence cannot be equated with weight of evidence. No distinction can be made between the weight to be given

either direct or circumstantial evidence which has been held in the case of *Kempf* v. *Himsel* (1951), 121 Ind. App. 488, 515, 98 N.E.2d 200, as follows:

"A case may be established by circumstantial evidence, as well as by direct evidence, whether the case be civil or criminal. There are innumerable Indiana authorities so holding. . . ."

The relevant portion of the instruction complained of in regard to sufficiency of the evidence where both circumstantial and direct evidence has been presented reads as follows:

"The Law . . . require[s] that the jury, after weighing *all the evidence*, must be convinced of the guilt of the defendant beyond a reasonable doubt before he can be convicted." (Emphasis added.)

"All the evidence" included both direct evidence (the eye witness account of appellant's apprehension, while driving the stolen vehicle) and circumstantial evidence (the car's disappearance from the owner's lot.)

In the case of *Calvert* v. *State* (1968), 251 Ind. 119, 126, 239 N.E.2d 697, our Supreme Court said:

"This court has repeatedly held that the state is not required to sustain a charge by direct evidence.
'It is sufficient if the evidence satisfies the triers of fact beyond a reasonable doubt. . . .' "

In our opinion, State's Instruction No. 1 is a correct statement of the law and was properly submitted to the jury.

Appellant having presented no argument in his brief on specifications 1, 2, 4, 6, and 7 of his motion to correct errors, they are deemed waived by this court, pursuant to Ind. Rules of Procedure, Appellate Rule 8.3 (A) (7).

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 314 N.E.2d 428.