CURTIS BURHANNON *v*. STATE OF INDIANA.

[No. 2-675A149. Filed April 25, 1977.]

681

*Jerome J. Sobel,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

HOFFMAN, J.[1]—On July 19, 1973, defendant-appellant Curtis Burhannon was charged by affidavit with the crime of possession of a narcotic drug, to-wit: heroin, in violation of IC 1971, 35-24-1-20(c), Ind. Annot. Stat. § 10-3538(c), (Burns Supp. 1973). Following trial by jury Burhannon was found guilty as charged, ordered committed to the Indiana Department of Correction for a period of not less than two nor more than ten years and fined in the penal sum of $750.

---

1. Hoffman, Judge, participating by designation.

Thereafter, his motion to correct errors was overruled and this appeal was perfected.

The issues presented for review concern whether the trial court erred in its admission of evidence derived from a purported illegal arrest and in its admission of testimony which allegedly constituted prejudicial hearsay.

The record reveals that several Indianapolis police officers positioned themselves in surveillance over an area known by them to be heavy in narcotic trafficking. Officer Morgan while observing the area from the second floor of a vacant building reported by radio to Officer Hardin, who was in a police car in a nearby alley, that an apparent drug transaction had just occurred involving Curtis Burhannon. Acting on this information, Officer Hardin, with the aid of a third policeman, Officer Rothenbusch, stopped the automobile in which Burhannon was a passenger and ordered him to exit and to place his hands on top of the car. Burhannon complied but began to fight when Officer Hardin attempted to search him for weapons. Three other police officers stepped in and, after a scuffle, Burhannon was subdued. He was then placed under arrest for resisting and interfering with a police officer and driven to a nearby parking lot to avoid a large crowd which had begun to gather. During questioning at the parking lot, Burhannon was asked to open his left hand, whereupon a small tinfoil item containing a white powdery substance fell to the ground. Having observed this, some of the police officers performed a field test which indicated that the substance was heroin. Such finding was later confirmed by laboratory analysis.

Appellant first contends that the trial court should have suppressed the heroin seized from him upon both his pre-trial and oral motion, on the grounds that it was the result of an illegal detention. He argues that the police officers were acting without information sufficient to give them reason for the initial stop and frisk which led to his arrest. For support

appellant focuses on *Bowles* v. *State* (1971), 256 Ind. 27, 267 N.E.2d 56, and *Jackson* v. *State* (1973), 157 Ind. App. 662, 301 N.E.2d 370, for the proposition that mere suspicion will not justify an investigatory stop, and absent probable cause, heroin obtained pursuant thereto is the fruit of illegal activity and should therefore be excluded as evidence.

However Burhannon's reliance on *Jackson* and *Bowles* mistakenly assumes that the information on which detention was made stemmed from suspicions derived from statements made by unknown informants. Such was not the circumstance in the case at bar. Police stopped appellant only after an officer on surveillance observed what appeared to be an actual transaction for drugs. Burhannon's companion had removed a roll of money from her brassiere and had given it to appellant to give to Lamont Richardson, a narcotics dealer known to Officer Hardin. Although no contraband was observed, the situation had the appearance of a drug transaction. Moreover this information was coupled with Officer Hardin's prior experience of arresting appellant on a related charge and the tips he had received that appellant was dealing in narcotics.

Accordingly the arresting officer was able to point to specific and articulable facts which taken together justified his detention of Burhannon and a frisk or pat-down for weapons. The fact that appellant resisted and interfered with this limited intrusion gave rise to cause for formal custodial arrest. Once that arrest was accomplished, the subsequent seizure of the heroin was authorized. *Elliott* v. *State* (1974), 262 Ind. 413, 317 N.E.2d 173; *Thurman* v. *State* (1974), 162 Ind. App. 267, 319 N.E.2d 151 (transfer denied). *See also: Terry* v. *Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. While it is arguable that knowledge of these circumstances also provided sufficient probable cause for an arrest, Burhannon's forceful resistance to the officer's frisk renders that inquiry academic. Appellant was not arrested for illegally purchasing drugs, rather, at his

instigation, he was arrested for resisting and interfering with a police officer. Therefore the subsequent search which disclosed contraband was lawful in any event and the heroin seized was properly admitted into evidence to prove possession. *Smith* v. *State* (1971), 256 Ind. 603, 271 N.E.2d 133.

Burhannon next contends that the trial court erred in allowing Officer Hardin to testify concerning the observations of the second police officer on surveillance. He argues that since he was arrested for resisting and interfering with a police officer and prosecuted for possession of heroin, allegations concerning what an unavailable witness saw implicating him in a drug transaction were prejudicial hearsay. Appellant observes that the only reason for Officer Hardin's telling the jury what Officer Morgan said while on surveillance was to prove that a drug transaction had occurred.

Citing *Broecker* v. *State* (1974), 161 Ind. App. 206, 314 N.E.2d 428, the State responds that the evidence was properly admitted for the "limited purpose" of showing how and why Officer Hardin acted; not for proving the truth of what was said by Officer Morgan. However without any reason for showing how and why the arresting officer acted the testimony can only be justified as a proof of the facts asserted therein. As such the testimony was hearsay and the court erred in admitting it. *Glover* v. *State* (1969), 253 Ind. 121, 251 N.E. 2d 814.

This is not to say however that the trial court's error in admitting such evidence must result in a reversal of Burhannon's conviction. Every error at trial is not reversible error on appeal. Whether improper corroborative evidence is harmless depends upon the status of the evidence which is being corroborated. *Harvey* v. *State* (1971), 256 Ind. 473, 269 N.E.2d 759. Where the admission of such evidence tends only to corroborate a fact which is clearly proved by other legitimate evidence there is no prejudice to the defendant and the conviction will be upheld. *Sumpter*

v. *State* (1974), 261 Ind. 471, 306 N.E.2d 95; *Adams* v. *State* (1946), 224 Ind. 472, 69 N.E.2d 21.

In the case at bar appellant was convicted of possessing heroin. Officer Rothenbusch testified that he saw appellant pass something from his right to his left hand. Burhannon was asked to open his left hand. When he did a small tinfoil item containing a white powdery substance fell to the ground. Officer Rothenbusch handed this foil packet to Officer Hardin who, together with another officer, performed an immediate field test confirming that the substance was heroin. The objected to remarks of Officer Hardin in no way altered this direct testimony of conspicuous unlawful possession. When the police officers saw the "bindle" of heroin and identified it, evidence supporting the conviction became overwhelming. *England* v. *State* (1968), 249 Ind. 446, 233 N.E.2d 168; *Mayes* v. *State* (1974), 162 Ind. App. 186, 318 N.E.2d 811 (transfer denied); *Carlile* v. *State* (1973), 158 Ind. App. 508, 303 N.E.2d 303.

No reversible error having been demonstrated, the judgment of the trial court must be affirmed.

Affirmed.

Sullivan, J., concurs; White, J., dissents with opinion.

## Dissenting Opinion

White, J.—Although I believe, as once did the Supreme Court of Indiana, that appellate courts should not weigh the evidence to find that a trial court error is harmless,[1] I never-

1. Ind. Ann. Stat. § 35-1-47-9 (Burns Code Ed., 1975), provides: "In consideration of the questions which are presented upon an appeal [in a criminal case] the court shall not regard technical errors or defects, or exceptions to any decision or action of the trial court, which did not, in the opinion of the court to which the appeal is taken, prejudice the substantial rights of the defendant." (Originally Acts of 1905, Ch. 169, § 334, p. 584.) In *Beneks* v. *State* (1935), 208 Ind. 317, 329, 196 N.E. 73, the court said: "This statute must be construed as having reference only to matters of practice and procedure, and to questions which do not go to the merits of the case. *It was not intended to authorize this court to weigh the evidence* and determine therefrom whether the jury

theless agree with the majority that later cases, such as *Harvey* v. *State* (1971), 256 Ind. 473, 269 N.E.2d 759, require us to do so. The majority also correctly attributes to *Harvey* the holding that the admission of hearsay evidence which tends only to prove a fact which is clearly proved by other legitimate evidence is harmless error and that whether the hearsay is harmless depends on the status of the evidence it corroborates. But the majority errs in the application of those principles to the evidence in this case.

The evidence corroborated is the testimony of Officer Rothenbusch that he saw Burhannon pass something from his right hand to his left hand and then drop a bindle of heroin when requested to open his left hand. This incident occurred after Burhannon had fought with police for five minutes, had been subdued with Mace, had had his hands handcuffed behind his back, had been ordered into an automobile, had been transported to another location, and finally had been ordered from the automobile for questioning. Having weighed that evidence as best I can from the cold typewritten page, I find it amazing that a man could have hung onto this "small tinfoil item containing a white powdery substance" through all that he had experienced from the time the police stopped him until he allegedly dropped it. Of course I have no reason to believe the officer is not subjectively sincere in his testimony nor any means of explaining his testimony in terms of an honest mistake. Furthermore, I know nothing whatsoever of his demeanor as a witness. But in spite of all these handicaps I must weigh his testimony. And when I do I cannot say that it is "overwhelming" or that it *clearly proves* Burhannon was in possession of the white powdery substance known as heroin. I cannot, therefore, say that the corroborating hearsay was not without influence on the minds of the jurors in convincing them that Burhannon was guilty as

would have reached the same verdict under proper instruction." (My emphasis.) Accord: *Hedrick* v. *State* (1951), 229 Ind. 381, 390, 98 N.E.2d 906; *Todd* v. *State* (1951), 229 Ind. 664, 671, 101 N.E.2d 45; *Madison* v. *State* (1955), 234 Ind. 517, 527, 130 N.E.2d 35.

charged. Certainly I cannot say that the error in admitting the hearsay was harmless beyond a reasonable doubt as *Chapman* v. *California* (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 apparently requires before an error of constitutional dimensions can be deemed harmless. (Burhannon had both a state and a federal constitutional right to meet the witnesses face to face. Ind. Const., Art 1, § 13; Sixth and Fourteenth Amendments, United States Constitution.)

I would reverse and remand for a new trial.

NOTE.—Reported at 361 N.E.2d 928.