UNITED STATES of America.
Plaintiff-Appellee,

v.

Jerome FUSCO, Defendant-Appellant.

No. 17328.

United States Court of Appeals,
Seventh Circuit.

May 7, 1970.

Rehearing Denied Aug. 7, 1970.

Raymond J. Smith, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Samuel J. Skinner, Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., of counsel, for appellee.

Before DUFFY, Senior Circuit Judge, and CUMMINGS and KERNER, Circuit Judges.

DUFFY, Senior Circuit Judge.

In May 1967, defendant and one Richard Malone were indicted on the charge of theft from an interstate shipment in violation of 18 U.S.C. § 659. The one count indictment charged that on February 23, 1967, Malone and Fusco stole 470 gallons of gasoline from a motor truck operated by Mobil Oil Corporation.

Malone entered a plea of guilty and testified for the Government. Fusco pled not guilty and was tried before a jury and found guilty. He was sentenced for three years and fined $1,500 and costs.

On appeal, this Court reversed the judgment without remand on the basis of insufficient evidence to sustain the charge of theft. United States v. Fusco, 398 F.2d 32 (7 Cir., 1968). The defendant was released from custody.

On August 15, 1968, Fusco was indicted on the charge of possession of goods stolen from an interstate shipment of freight in violation of 18 U.S.C. § 659. This indictment charged that on February 23, 1967, Fusco was unlawfully in possession of the same 470 gallons of gasoline which had been taken from a motor truck operated by Mobil Oil.

Defendant filed a motion to dismiss the indictment on the ground that if a second trial were had, defendant would be placed in double jeopardy in violation of the Fifth Amendment. This motion was denied. Fusco was tried on his plea of not guilty. At the close of all of the evidence, motions for judgment of acquittal were made and denied. The jury returned a verdict of guilty, and defendant was committed to the custody of the Attorney General for imprisonment for a period of three years. Bond pending appeal was denied.

After a Notice of Appeal was filed, defendant made a motion for bond before this Court. That motion was denied. However, in January 1969, de-

fendant filed a motion for an appeal bond before the Supreme Court of the United States, and that Court, with no objection from the Solicitor General, ordered a release on a $1,000 recognizance bond.

The latest expression of views held by the United States Supreme Court on the subject of double jeopardy appears in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). The opinion in that case was handed down one day prior to the date of the oral arguments before us in the case at bar.

In *Ashe*, Justice Stewart wrote the opinion for the Court. Justices Black and Harlan each wrote a separate concurring opinion. Justices Brennan, Douglas and Marshall joined in a concurring opinion and the Chief Justice wrote a dissenting opinion.

The facts in the *Ashe* case were that six men were engaged in a poker game when four masked men robbed each of the players of money and other personal property. The robbers fled in an automobile belonging to one of the victims of the robbery. The four were later charged with seven separate offenses, namely, armed robbery of each of the six poker players and for the theft of the automobile.

In May 1960, Ashe went to trial on the charge of robbing Knight, one of the poker players. The jury found petitioner Ashe "not guilty due to insufficient evidence."

Six weeks later, Ashe was again brought to trial, this time for the robbery of Roberts who was another of the poker players. The jury found Ashe guilty. The Supreme Court of Missouri affirmed the conviction holding "the plea of double jeopardy must be denied."

Ashe then filed a petition for habeas corpus. The District Court, relying on Hoag v. New Jersey, 356 U.S. 464, 78 S. Ct. 829, 2 L.Ed.2d 913 (1958), denied the writ. The Court of Appeals, also on the authority of Hoag v. New Jersey, *supra*, affirmed the judgment of the District Court.

The opinion of the Supreme Court in *Ashe, supra,* 397 U.S. at page 442, 90 S. Ct. at page 1193, referred to Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969) stating: "The question is no longer whether collateral estoppel is a requirement of due process, but whether it is a part of the Fifth Amendment's guarantee against double jeopardy." The Court answered its question thusly: "We do not hesitate to hold that it is."

It should be noted that Mr. Justice Harlan, in his concurring opinion in *Ashe, supra,* 397 U.S. at page 448, 90 S. Ct. at page 1196, stated: " * * * I wish to make explicit my understanding that the Court's opinion in no way intimates that the Double Jeopardy Clause embraces to any degree the 'same transaction' concept reflected in the concurring opinion of my Brother Brennan."

The prior test to be applied in a double jeopardy situation was the "same evidence" test first stated in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). That opinion indicated: " * * * [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

We understand and so interpret *Ashe*, in view of the concurring opinion of Mr. Justice Harlan that the Supreme Court has not adopted the "same transaction" test. Yet, they have clearly gone beyond the "same evidence" test. The only test left is that indicated by the definition of "collateral estoppel" as defined in the opinion of the Court in *Ashe, supra,* 397 U.S. at page 443, 90 S. Ct. at page 1194. That opinion stated: " 'Collateral estoppel' * * * means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." In the first

case the jury found Fusco guilty of "theft." This was reversed because there was not sufficient evidence that Fusco had participated in the theft. The Government did not put on any additional evidence in the second trial for "possession." The ultimate fact of Fusco's involvement in the incident already had been determined, therefore "that issue cannot again be litigated between the same parties in any future litigation." The Government here apparently did what was disapproved of in the *Ashe* case,—" 'No doubt the prosecutor felt the state had a provable case on the first charge, and, when he lost, he did what every good attorney would do—he refined his presentation in light of the turn of events at the first trial.' But this is precisely what the constitutional guarantee forbids." *Ashe, supra,* 397 U. S. at page 447, 90 S.Ct. at page 1196.

As an example of what would not be a double jeopardy situation as we understand the *Ashe* decision—A defendant commits a bank robbery. While escaping from the bank, he kills a man. Clearly, the ultimate facts determined during a prosecution for bank robbery are not the same as the ultimate facts to be determined during a prosecution for murder. Therefore, collateral estoppel would not bar a second prosecution for murder after a prosecution for bank robbery. We *do* encourage the Government to join in one indictment all charges arising out of a single transaction, but in situations like the above example, we do not hold that joining all charges is required by the Constitution as interpreted by the *Ashe* decision.

In another decision, Waller v. Florida, 395 U.S. 975, 89 S.Ct. 2125, 23 L.Ed.2d 764 (1970), which was handed down the same day as *Ashe,* a unanimous Court held that the double jeopardy clause prohibits the State of Florida from trying a defendant for grand larceny following his conviction by the Municipal Court for disturbing the peace and destruction of city property based on the same acts. Each charge rested on the fact that the defendant had removed a painting from a public building.

It often has been held that an accused is held to have waived protection of double jeopardy when he *requests* and *receives* a new trial. Forman v. United States, 361 U.S. 416, 80 S.Ct. 481, 4 L. Ed.2d 412 (1960); Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L. Ed.2d 199 (1957); United States v. Franke, 409 F.2d 958 (7 Cir., 1969).

However, when this case was previously before us, Fusco's brief did not ask for a new trial and a new trial was not ordered.

 We hold that defendant Fusco did not waive the constitutional protection of double jeopardy. He neither asked for nor received a new trial on the original charges.

Considering the latest decisions of the Supreme Court on the subject, we hold that the second prosecution and conviction of Fusco were in violation of his constitutional rights against double jeopardy.

The judgment of conviction herein is Reversed.