**UNITED STATES of America,**
Plaintiff,

v.

**Lawrence Robert BASS a/k/a Larry Bass et al., Defendants.**

No. 71–CR–19.

United States District Court,
E. D. Wisconsin.

May 26, 1971.

David J. Cannon, U. S. Atty., by Terry Mitchell, Asst. U. S. Atty., for the United States.

John Crosetto, Kenosha, Wis., for Kenneth Emil Trager.

Richard Podell, Milwaukee, Wis., for Richard Duane Taylor.

Allen L. Samson, Milwaukee, Wis., for Dana Murray Moen.

Peter S. Balistrieri, Milwaukee, Wis., for Willie Lee Beasley.

Eli Frank, Milwaukee, Wis., for Lawrence Robert Bass.

Myron B. Katz, Milwaukee, Wis., for Patrick George Rock.

DECISION and ORDER

MYRON L. GORDON, District Judge.

A one-count indictment has charged the defendants with the theft of certain lawn mowers which were part of an interstate freight shipment. Two of the six defendants have filed motions which this decision will resolve. The defendant Beasley has moved for severance, and the defendant Taylor has moved for dismissal.

Mr. Beasley's motion is based on his contention that he will be prejudiced by a joint trial with the other defendants. The reasons he advances are not, however, persuasive. Generally, his objections to being tried jointly are comparable to those rejected by this court in a recent opinion in United States v. Tyler, Barwick and Kent (E.D.Wis., decided

April 15, 1971, 71–CR–35). Accordingly, it is my conclusion that the motion for severance may not be granted.

In his brief, Mr. Beasley's counsel has referred to certain materials as to which discovery is sought. However, in the absence of any motion for discovery, the court considers it inappropriate to rule thereon.

Mr. Taylor's motion to dismiss is based upon the fact that he was adjudged not guilty of a related charge after a trial before a jury on March 3, 1969. The indictment in that case (68–CR–83) charged Mr. Taylor with the possession of goods stolen from an interstate shipment of freight, and it appears clear that the shipment involved the same goods that are involved in the instant indictment which charges Mr. Taylor with the theft thereof.

Both Mr. Taylor and the government cite Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), and United States v. Fusco, 427 F.2d 361 (7th Cir. 1970). In the latter case, the first trial concerned theft from an interstate shipment of freight, and the second indictment charged possession of such goods. Mr. Taylor's counsel interprets *Fusco* as holding that

" * * * where defendant's conviction for theft from an interstate shipment was reversed on appeal without a direction of remand, he could not thereafter be tried for a related offense of possession of goods stolen from an interstate shipment where the essential facts and transactions were the same in both cases."

On the other hand, the government interprets *Fusco* to mean that the accused can be charged with the second crime and can be convicted if additional evidence is offered at the second trial which was not submitted at the first trial. However, in *Fusco*, at page 362, the court expressly states that the United States Supreme Court has "clearly gone beyond the 'same evidence' test."

It is my conclusion that the government's interpretation is overly narrow. The jury's finding of not guilty at the conclusion of the first trial could reasonably be construed as a determination by the jury that Mr. Taylor did not know the garden tractor in question was stolen. Ashe v. Swenson requires that the judgment of acquittal following that trial effectively stops the United States from further prosecuting Mr. Taylor for the claimed theft of the same goods. The ultimate fact of Mr. Taylor's involvement has been resolved and should not again be litigated.

Now, therefore, the motion of the defendant Beasley for severance be and hereby is denied, and the motion of the defendant Taylor for an order of dismissal be and hereby is granted.