**UNITED STATES of America**

v.

**Louis Ray SMITH.**

**No. 72-52-Cr. T.**

United States District Court,
M. D. Florida,
Tampa Division.
March 21, 1972.

**1384**

John L. Briggs, U. S. Atty. by Claude H. Tison, Jr., Asst. U. S. Atty., Tampa, Fla., for plaintiff.

Herbert P. Sterling, Tampa, Fla., for defendant.

## ORDER DENYING MOTION TO DISMISS

HODGES, District Judge.

On November 18, 1970, the defendant was indicted in two counts charging separate offenses relating to his alleged handling of a certain United States Treasury check (Case No. 70–262–Cr.T.). It was charged in Count One that on April 7, 1967, in violation of 18 U.S.C.A. § 1702, the defendant purloined a letter containing the subject check before it had been delivered to the addressee. Count Two charged that on August 3, 1967, in violation of 18 U.S.C.A. § 495, the defendant uttered the same check at a St. Petersburg bank and with knowledge that the endorsement of the payee had been forged. Notably, the defendant was not charged with the crime of forgery, but only with having uttered a forged check.

The case was tried on September 24, 1971. The jury found the defendant guilty as to Count One (obstruction of correspondence), and not guilty as to Count Two (uttering a forged instrument). Subsequently, and for reasons not material to the present issue, the Court ordered a new trial with regard to the offense charged in Count One. The Government then reindicted the defendant, again in two counts (Case No. 72–52–Cr.T.). The first count of the pending indictment is identical to the first count of the former indictment. The defendant is charged with obstructing the mail by taking the letter containing the treasury check. In Count Two of the current indictment, however, the Government has varied its attack and now charges defendant with having forged the endorsement on the check in violation of 18 U.S.C.A. § 495.

Thus, the charge of uttering has not been reasserted against the defendant, and such charge is admittedly foreclosed by the verdict in the former trial. The defendant contends, however, by a Motion to Dismiss addressed to Count Two of the current indictment, that the charge of forgery is *also* foreclosed and barred by the former acquittal through application of the jeopardy clause of the Fifth Amendment. In support of his contention, the defendant relies upon the decision in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). The Government resists the motion and cites the same authority.

The defendant correctly argues that the Court in *Ashe* advanced beyond the "same evidence" test formerly applied in determining questions of double jeopardy, and announced its adoption of "collateral estoppel" as the standard or test to be applied in resolving such issues. Under that decision, therefore, the question becomes "whether a rational jury [in the former trial] could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration" in the pending case. It is significant, however, that this rule or standard is not as broad as the "same transaction" test. Indeed, as will be shown, the distinction between the concept of "collateral estoppel" as enunciated in *Ashe,* and the concept of "the same transaction" followed in some jurisdictions, is a critical and dispositive distinction in this case; and

it is manifest that the Supreme Court did not go so far as to adopt the latter test in *Ashe*. United States v. Fusco, 427 F.2d 361 (7th Cir. 1970).

Hence, although the events alleged in Count Two of the first indictment and the event alleged in Count Two of the pending indictment clearly arise out of the same transaction, such finding does not bring an end to the judicial labor in deciding the question of former jeopardy. Rather, reference must be made to the entire record and transcript in the former proceeding to determine whether the jury could have rendered its verdict on some ground other than the issue of forgery, i. e., the ultimate issue presented by the pending charge.

While it is quite true, as ably argued by counsel for the defendant, that the issue of forgery was raised during the trial in the prior case as one of the essential elements inhering in the charge of uttering, it does not appear that the jury's verdict necessarily determined that issue in defendant's favor. The defendant testified in his own behalf and denied that he had forged the check. But he *also* denied having anything to do with the uttering of the check at the bank. It is entirely possible, if not probable, therefore, that the jury's verdict was bottomed on a finding that the defendant was not present at the bank and did not utter the check. Stated conversely, it cannot be said that the jury's verdict necessarily entailed a finding that the defendant had not forged the instrument or did not know it to be forged at the time of uttering. In the language of *Ashe*, the jury "could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration" in the instant case. It follows that the Motion to Dismiss Count Two of the pending indictment is not well taken and is hereby denied.