CITY OF TOLEDO *v.* ROMSTADT.

(No. CRB-75-01193—Decided April 14, 1975.)

Toledo Municipal Court.

*Mr. John Madigan,* city prosecutor, for plaintiff.
*Mr. Jon Richardson,* for defendant.

GABRIEL, J.    The facts of the instant case are not in dispute.    The defendant herein was arraigned on January 24, 1975, in the Toledo Municipal Court on a charge of vio-

lating Toledo Municipal Code Section 21-5-7, failure to yield right of way, to which he entered a plea of guilty. After his citation on the aforegoing charge, but prior to his arraignment on that charge, he was served with a summons and complaint for a violation of R. C. 2903.07(A), vehicular homicide, upon which arraignment was scheduled for January 30, 1975, also in the Toledo Municipal Court. Defendant continued the later case to February 7, 1975, and then again to February 13, 1975, at which time he filed the motion to dismiss by reason of being once in jeopardy which is the subject of this decision.

This motion was heard on February 13, 1975, at which time the above facts were stipulated and agreed to between the prosecution and defense counsel. In addition, for the purpose of this motion only, it was stipulated that the above charges arose out of the same transaction and that an accident resulted causing the death of a Mr. Carolan Haas. Also stipulated, again for this motion only, was that Mr. Haas appeared to the investigating officer to be seriously injured just after the accident and was taken from the scene by said officer to St. Charles Hospital where he died about two hours after the accident.

Briefs have been submitted by both the prosecution and defense counsel in support of and in opposition to the motion to dismiss and in reply to the opposition brief.

*Waller* v. *Florida* (1970), 397 U. S. 387, has been cited by defendant in support of his motion. This case by a unanimous view of the U. S. Supreme Court stands for the proposition that where a state felony charge was based upon the *same acts* as an earlier Municipal Court conviction for the lesser included offenses, the second trial constituted double jeopardy in violation of the Fifth and Fourteenth Amendments to the United States Constitution. In fact, the court at page 395 states:

"We decide only that the Florida courts were in error to the extent of holding that—

'even if a person has been tried in a municipal court for the *identical offense* with which he is charged in a state court, this would not be a bar to the prosecution of such

person in the proper state court.' " (Emphasis added.)

At page 390 the court also stated: "Whether in fact and law petitioner committed separate offenses which could support separate charges was not decided by the Florida courts, nor do we reach that question."

In *Waller* the court failed to accept the analogy argued by Florida; namely, that the U. S. Supreme Court has previously permitted successive prosecutions by the federal and state governments as separate sovereigns and therefore should permit the same where the state and municipal governments did likewise. See *Bartkus* v. *Illinois* (1959), 359 U. S. 121, and *Abbate* v. *United States* (1959), 359 U. S. 187.

The court, however, did apply the case of *Benton* v. *Maryland* (1969), 395 U. S. 784, in so far as it declared the double jeopardy provisions of the Fifth Amendment applicable to the states, overruling *Palko* v. *Connecticut* (1937), 302 U. S. 319.

In so doing it held that municipal law exists by virtue of state laws and therefore these two governments are not separate entities for the purpose of instituting successive criminal prosecutions without being called to task under the double jeopardy protection afforded by the Fifth Amendment as it applies to the states.

Since *Waller* was confined to successive prosecution for "identical offenses," it can aid the defendant only as the instant case involves successive prosecutions by two governmental units considered one and the same, the municipality of Toledo and the state of Ohio. It falls short, however, of supporting defendant's claim inasmuch as this court is not concerned with "identical offenses." Failure to yield the right of way and vehicular homicide based upon such a failure to yield are differentiated by the additional element needed to support the latter charge of "negligently causing the death of a person."

Defendant has also cited the case of *United States* v. *Fusco* (1970), 427 F. 2d 361, as supportive of his motion. *Fusco* is directly contra to the claim of defendant and negates the view asserted by him that the "same transac-

tion" test is applicable in deciding the question of when double jeopardy may be properly raised to a subsequent prosecution.

The "same transaction" test according to *Fusco* was not adopted by the U. S. Supreme Court, but was only a concurring view expressed by Justice Brennan who was joined by Justices Douglas and Marshall. Truly, if the "same transaction" test were applicable to this case defendant's claim of double jeopardy would be well taken. ·

Prior to *Ashe* v. *Swenson* (1970), 397 U. S. 436, the test applied in a double jeopardy situation was the "same evidence" test first stated in *Blockburger* v. *United States* (1932), 284 U. S. 299, 304. That opinion indicated: "* * * [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Clearly the "same evidence" test would be of no avail to defendant, again because of the necessary proof required on the element of death causation in a vehicular homicide.

The "same transaction" test, as espoused by Justice Brennan in *Ashe, supra,* at page 453, "requires the prosecution, except in most limited circumstances, to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, espisode or transaction." Among the limited circumstances footnoted in this concurring opinion by Justice Brennan (footnote 7 at page 453, and footnote 11 at page 455) are "where a crime is not completed or not discovered, despite diligence on the part of the police, until after the commencement of a prosecution for other crimes arising from the same transaction, an exception to the 'same transaction' rule should be made to permit a separate prosecution * * *" and " [a]nother exception would be necessary if no single court had jurisdiction of all the alleged crimes." Another exception under Rule 14 (Federal Criminal Rules) "provides for separate trials under court order where joinder would be prejudicial to either the prosecution or defense." As to the latter circumstances Justice Brennan states, "the 'same

transaction' rule can serve a useful purpose since the defendant is at least informed at one time of all the charges on which he will actually be tried, and can prepare his defense accordingly. Moreover, the decision on whether charges are to be tried jointly or separately will rest with the judge rather than the prosecutor. * * *''

As previously alluded to, the ''same transaction'' test would cause defendant to prevail in his claim of double jeopardy since obviously none of these limited circumstances apply to the instant case. Death ensued from serious injuries incurred in the accident within two hours; the charges of failure to yield and vehicular homicide based on failure to yield are both within the jurisdiction of the Toledo Municipal Court; and severance is not available to a lone defendant.

In *Fusco, supra,* however, the United States Court of Appeals, Seventh Circuit, interpreted *Ashe* as having adopted the ''collateral estoppel'' test. That test, found in *Ashe, supra,* at page 443, was stated as follows: It (collateral estoppel) ''means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.''

In *Fusco,* the defendant (Fusco) had been found guilty of ''theft'' but this was reversed because of insufficient evidence. Before a second trial for possession of these same stolen goods the defendant raised by motion to dismiss the indictment the question of double jeopardy. The motion was denied and he was tried on his plea of not guilty and was found guilty. The court held that the government did not introduce any additional evidence in the second trial for ''possession,'' and that accordingly the ''ultimate fact of Fusco's involvement in the incident had been determined and could not be relitigated between the same parties in any future litigation.'' The second prosecution and conviction of *Fusco* was held to be in violation of his constitutional rights against double jeopardy.

By the very nature of the ''collateral estoppel'' test, as it was announced and applied in *Ashe* and in *Fusco,* it can only be applied in a situation wherein the defendant

has been acquitted either at the trial level or by a reversal of a conviction had at that level by an appellate court for insufficient evidence. "Ultimate facts" can only be "determined by a valid and final judgment" when a trier of fact, be it court or jury, has so found or an appellate court has reversed a conviction by such a trier for insufficient evidence. The passing upon an "ultimate fact" cannot occur in any other fashion. A plea of guilty and resultant conviction on a failure to yield charge as a prelude to the vehicular homicide charge attacked by defendant can have no such ramifications. No "ultimate fact" was passed upon and decided favorably to the accused so as to foreclose inquiry into its existence.

The defendant in the instant case entered a plea of guilty which under the Ohio Criminal Rules is a complete admission of having committed the offense of failure to yield. There is no way this type of conviction could be overturned by an appeal in which the reversal would occur because of "insufficient evidence."

*Fusco, supra*, at page 362, states: "We understand and so interpret *Ashe*, in view of the concurring opinion of Mr. Justice Harlan that the Supreme Court has not adopted the 'same transaction' test. Yet, they have clearly gone beyond the 'same evidence' test. The only test left is that indicated by the definition of 'collateral estoppel' as defined in the opinion of the court in *Ashe* * * *." The circuit court thereupon quoted the definition of "collateral estoppel" set forth earlier from *Ashe*.

It should be noted that an *Ashe* quotation at 397 U. S. 447 was quoted and approved by *Fusco* at page 363. The quotation reads as follows: "No doubt the prosecutor felt the state had a provable case on the first charge, and, when he lost, he did what every good attorney would do—he refined his presentation in light of the turn of events at the first trial."

With such underlying reasoning it is difficult to see how the prosecution in the instant case could be guilty of any such legal chicanery. If anything, the prosecution when alerated to the second charge of vehicular homicide should have instanter dismissed the failure to yield charge before

a plea of guilty could have been entered, but only would have been obligated to do so if the "same transaction" test were to be successfully applied.

Defendant cites two cases decided by the Common Pleas Court of Lucas County, Ohio, in support of his position and alludes to the fact that these cases relied upon *Waller, Ashe* and *Fusco,* or *Ashe* alone, to support their findings that double jeopardy attacked wherein a defendant had been in each case convicted in Toledo Municipal Court on a charge of driving under the influence of alcohol after pleas of no contest. Subsequently prosecution was instituted in Common Pleas Court on felony charges of vehicular homicide. It must be assumed that death occurred shortly after the accident in the one case and it is clear that death resulted instantaneously in the other In any event, in both cases the court held double jeopardy applied. To do so necessitated an attempt to follow the "same transaction test" as announced by Justice Brennan in *Ashe.* However, by the footnotes above quoted it is clear that the second limited circumstance, "another exception would be necessary if no single court had jurisdiction of all the alleged crimes," was applicable to these cases. The Toledo Municipal Court, where the conviction on "driving under" occurred, did not have jurisdiction of both that charge and the vehicular homicide felony charge. Jurisdiction in this sense means the power or authority to hear both offenses through to final disposition. Only the Common Pleas Court could handle the felony charge through to a conclusion of conviction or acquittal. Even the "same transaction" test was incorrectly applied under the limiting circumstances presented.

By the holding of this court that *Ashe* mandates the use of the "collateral estoppel" test, the pleas of no contest and conviction thereon preclude the availability of this test since no acquittal occurred at trial or by appellate reversal for insufficient evidence.

In accordance with the law enunciated above, the motion to dismiss by reason of being once in jeopardy is hereby found not well taken and overruled.

*Motion to dismiss overruled.*