## STATE OF CONNECTICUT *vs.* PATRICK HOGAN.

Third Judicial District, Bridgeport, April Term, 1896. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A challenge to the array of jurors is an objection to the whole panel, and
can be sustained only for a cause that affects all the members of the
panel alike.

Section 2 of Chap. 189 of the Public Acts of 1895, permitting the Court of
Common Pleas in New Haven County, under certain circumstances,
to retain the jurors in attendance at one term, to try civil or criminal
causes at the next succeeding term, is not repealed by the general jury
law, Chap. 219 of the Public Acts of 1895.

The defendant was charged with keeping open a liquor saloon on Sunday.
It appeared in evidence that the officers entered the premises by a
cellar door and found the bar-keeper and another man in the cellar,
also a glass half full of beer; that they went up a ladder through an
open trap-door to the saloon above where they found the money-drawer
with several dollars in it on the floor, and a pail of beer on ice; that
the defendant's wife came into the saloon and took away the drawer
and its contents and objected to the removal of the pail of beer by the
officers. *Held* that her conduct and statements were admissible as
tending to show that the saloon was being kept open at that time.

The State was permitted to show that a subpœna had been issued for the
attendance of the bar-keeper as a witness, but that after diligent search
he could not be found, and had left the State. *Held* no error; as the
prosecutor was in a sense bound to produce the witness, or explain his
absence. Withholding evidence which can be produced may give rise
to a presumption of fact against the party withholding it.

In charging the jury, reasonable comments upon the testimony are within
the discretion of the trial court.

[Submitted on briefs April 21st—decided June 5th, 1896.]

PROSECUTION for violation of the liquor law, brought orig-
inally to the City Court of Ansonia and thence by the de-
fendant's appeal to the Criminal Court of Common Pleas for
New Haven County, where the case was tried to the jury,
before *Hotchkiss, J.*; verdict and judgment of guilty, and
appeal by the accused for alleged errors in the rulings and
charge of the court. *No error.*     .

The defendant was arraigned in the Criminal Court of
Common Pleas on the 27th day of January, 1896, to answer

to an information charging him with keeping open on a Sunday a certain place in which intoxicating liquors had been sold and exposed for sale, exchanged and given away. Before he answered to the said information, his counsel interposed a challenge to the array of jurors, for the reason " that for this jury term of this honorable court only four jurors were drawn by the clerk of this court in the presence of the sheriff, or one of his deputies, or otherwise, from a suitable number of jury boxes, or in any other manner."

The finding shows that all the jurors on the panel at said term of court, except four, were retained from the preceding term of the civil side of the court, pursuant to § 2, chapter 189, of the Public Acts of 1895. The court overruled the challenge. The defendant thereupon pleaded not guilty. Said § 2 took effect June 20th, 1895, and is as follows: " Whenever a jury shall be in attendance upon said court, (*i. e.* the Court of Common Pleas for New Haven County) in either the criminal or civil side thereof, and the cases, civil or criminal, awaiting trial shall not be concluded at the close of the term for which said jury is summoned, such jury may be retained for the trial of causes, civil or criminal, at the next succeeding term of either side of said court." Terms of the Court of Common Pleas in New Haven County are holden on the third Monday of September, and the first Monday of January, March, May and November, for the transaction of civil business, and on the first Monday of each month for the transaction of criminal business.

The general jury law (Chapter 219 of the Public Acts of 1895,) went into effect the 26th day of June of that year. Its fifth section is this: " At some convenient time before each jury term of the Superior Court, Court of Common Pleas, or District Court, its clerk shall, in the presence of the sheriff or one of his deputies . . . . draw from a suitable number of the jury boxes eighteen jurors, unless a larger number shall be ordered by the court, to attend such court, and shall issue warrants directed to the sheriff of the county, his deputy, or to the constables of the towns where such jurors respectively reside, to summon such jurors to attend and serve at such court."

Upon the trial the State claimed to have proved that the saloon of the defendant was situated on the lower floor of a tenement on Main street in the city of Ansonia, and that the defendant resided with his wife and family in the same tenement over the saloon; that on Sunday the 18th day of August, 1895, the city sheriff of said city, with an assistant, went to said saloon, found the front and side doors locked, but that persons obtained ready admittance to said saloon through a back door; that the said officers went into the saloon through the said back door and found several persons there; among others a bar-keeper by the name of Baker and a man by the name of Hassett; that the wife of the defendant came in while they were there and took away the money drawer and the money amounting to seven or eight dollars, and had conversation with the said officers about the beer which was there and which the officers proposed to seize and carry away. The State also offered the testimony of a deputy sheriff, that he had had a lawful subpœna to summon the said bar-keeper Baker to be present at the trial, and that he had made vigilant search and inquiry for Baker, but had been unable to find him, and that he had departed the State. To this evidence the defendant objected, but the court admitted it. There was a verdict of guilty and the court sentenced the defendant. He now appeals to this court.

*James P. Pigott* and *Denis T. Walsh*, for the appellant (defendant).

*George M. Gunn*, Prosecuting Attorney, for the appellee (the State).

ANDREWS, C. J.   A challenge to the array of jurors is an objection to the whole panel of jurors at once, and in order to be available it must be for a cause that affects all the jurors alike.   3 Bl. Com. 359; 2 Tidd's Practice, 779.   The challenge here was bad on its face, in that it was for a reason which, by its own terms, did not attach to four of the jurors whom it prayed to have rejected.   It was necessarily overruled.

But passing this, the challenge was properly denied for the other reason given. The argument by the defendant is that the Act, chapter 189 of the Public Acts of 1895, was repealed by the fifth section of the general jury law passed the same year. That Act, chapter 189, was a special Act having reference only to the Court of Common Pleas in New Haven County. The general jury Act—chapter 219 of the Public Acts of 1895—was a general Act. The rule is that a special statute is not ordinarily repealed by a later general one. *City of Hartford* v. *Hartford Theological Seminary*, 66 Conn., 475.

The testimony as to the conduct of the defendant's wife, and what she said to the officers, was admissible, and very significant as tending to show that the saloon was being kept open at that time.

The State's Attorney was in a sense bound to produce the bar-keeper, Baker, as a witness, or to explain his absence. Otherwise he would have been open to the charge of a neglect of duty by the holding back of the very witness who was in the best position to relate the true circumstances of the case. The holding back of evidence may be used as a presumption of fact against the party who holds back such evidence, in all cases when it could be produced. 2 Wharton's Evidence, § 1266; *Throckmorton* v. *Chapman*, 65 Conn., 441, 454; *Kirby* v. *Tallmadge*, 160 U. S., 379.

The comments made by the judge to the jury upon the evidence, were within the discretion of the court.

There is no error.

In this opinion the other judges concurred.