## The State of Connecticut *vs.* John Rocco et als.

Third Judicial District, New Haven, January Term, 1929.
Wheeler, C. J., Haines, Hinman, Banks and John Rufus
Booth, Js.

Argued January 15th—decided March 2d, 1929.

*Clifford B. Wilson,* for the appellants (the accused).

*Lorin W. Willis,* Assistant State's Attorney, with whom, on the brief, was *William H. Comley,* State's Attorney, for the appellee (the State).

Banks, J. The accused at the opening of the trial, and before the jury had been polled, made a motion for a change of venue based upon the claimed prejudicial effect of certain articles published in two Bridge-

port newspapers on the preceding day. The character of the newspaper articles was not such as to be necessarily prejudicial to the accused and no evidence was offered that such was their effect. The power to grant a change of venue is one to be exercised with caution and rests in the court's sound discretion, which is final unless it clearly appears that the discretion has been abused. State v. Cianflone, 98 Conn. 454, 461, 120 Atl. 347; State v. Luria, 100 Conn. 207, 209, 123 Atl. 378; State v. Chapman, 103 Conn. 453, 470, 130 Atl. 899. Upon this record it does not appear that the accused could not have a fair and impartial trial in Fairfield County, and the court did not abuse its discretion in denying the motion for a change of venue.

Error is also predicated upon the overruling of the accused's challenge to the array. During the polling of the jury it appeared that the newspaper articles, which had been the basis of the motion for a change of venue, had been read by members of the panel to other members of the panel in the jury room, and counsel for the accused thereupon challenged the array of jurors. The court overruled the challenge and the trial proceeded before members of the jury who had been present in the jury room when the newspaper articles had been read aloud, but none of the jurors accepted had either read the articles or heard them read while in the jury room. A challenge to the array is a challenge to the whole panel and will only be allowed upon " 'some ground affecting the validity of the whole panel, and growing out of the proceedings in selecting and summoning the jurors composing the panel.'" State v. Luria, supra, p. 210. The finding does not disclose any irregularity in the summoning of this jury panel. The most that could be claimed by the accused would be that one or more jury men might have been prejudiced against them because of having

read these articles or heard them read while in the jury room. Such claim is disposed of by the finding that none of the jurors accepted had either read the articles or heard them read while in the jury room. The finding also makes it clear that the veniremen were examined upon the *voir dire* as to whether or not they had read the articles, with an opportunity to the accused to challenge any member of the panel for cause. The court did not err in overruling the challenge to the array.

The appeal alleges that the court erred in permitting the State to inform against the accused in three separate counts, and counsel asserted in argument that the three offenses charged comprised only one offense. As to this ground of appeal it is sufficient to say that it is not properly before us on this record. It does not appear that the question was raised by the accused upon the trial or ruled on by the trial court. In any event no substantial rights of the accused are involved in this assignment of error since it appears that judgment was suspended upon the second and third counts and sentence imposed upon the first count only.

There is no error.

In this opinion the other judges concurred.