**GREAT LAKES CARBON CORPORA-
TION, Appellant,**

v.

**CONTINENTAL OIL COMPANY et al.,
Appellees.**

**No. 20925.**

United States Court of Appeals
Fifth Circuit.

June 9, 1964.

———◆———

Earl Babcock, Duncan, Okl., S. W. Plauche, Jr., A. L. Plauche, Lake Charles, La., Wayne L. Benedict, Washington, D. C., for appellant.

Richard Russell Wolfe, C. Frederick Leydig, John L. Parker, Chicago, Ill., Billy H. Hines, New Orleans, La., Cullen R. Liskow, Lake Charles, La., for appellees.

Before CAMERON * and GEWIN, Circuit Judges, and AINSWORTH, District Judge.

AINSWORTH, District Judge.

The issue here is whether appellant may inspect certain documents filed here-

---

* Judge Cameron, the third judge constituting the Court which originally heard this case, died prior to the filing of this opinion. He participated ˙both in the hearing and the decision of this cause, however. The present opinion is rendered by a quorum of the Court, pursuant to Title 28 U.S.C.A. § 46, Judge Cameron having taken no part in the final draft of the opinion of this case.

in under seal, which the District Court held were privileged, and which appellant contends are necessary for presentation of its appeal on the merits.

Great Lakes Carbon Corporation, appellant, filed its motion here under Rule 21 of this Court[1] and under Rule 75(j),[2] Federal Rules of Civil Procedure, for an intermediate order granting its counsel the right to inspect certain documents now under seal. Appellant has already appealed from the decision on the merits of the United States District Court dismissing a suit for patent infringement and unfair trade practices.[3] The subject matter of that suit is a process for making a special coke for graphite electrodes used in the steel mills. The matter now before this Court does not relate to the merits of the case. By a motion filed in this Court on or about October 2, 1963, appellant seeks the right to inspect certain documents filed in this Court under seal, which the lower court held were privileged and therefore not subject to discovery. By order of this Court of October 23, 1963, appellant's motion was set for hearing in advance of the submission of the case on the merits.

The documents which appellant seeks to inspect are from the files of Roy C. Hackley, Jr., an attorney employed by appellee Continental Oil Company. Appellant sought to inspect these documents by means of a Rule 34 motion filed prior to the trial, but appellees asserted that the documents sought were privileged and, therefore, not subject to inspection. The lower court heard oral argument by the parties on the motion, received written briefs from the parties, and reviewed the documents themselves, which had been submitted to the court for such purpose with the consent of the appellees. After this extensive study, the lower court held some of the documents to be privileged and not subject to discovery by appellant.

The process used by appellee at Lake Charles, Louisiana, which is alleged to infringe appellant's Patent No. 2,775,549 to Shea, is an alleged improvement claimed to have been made by Roy C. Hackley, Jr., patented by him as Patent No. 2,-922,755 and assigned to Continental Oil Company. Appellant claims that the documents are relevant to the Hackley patent and to the charge of infringement of the Shea patent, and to the charge of unfair competition. Furthermore, appellant claims it is handicapped in the presentation of its case on this appeal by the fact that it has not had access to the documents. Appellant contends that because it has sufficiently shown that Hackley played a great part in the alleged torts, the veil of the attorney-client privilege as to his records has been pierced.

We do not think the question presented here can properly be decided by an intermediate order prior to consideration of the merits of the case. When the district judge passed on the propriety of requiring production of the documents under Rule 34, Federal Rules of Civil Procedure, he was able to do so because he had sufficient information to intelli-

---

1. "Rule 21. Motions

"1. All motions to the court shall be reduced to writing and served on opposing counsel and shall contain a brief statement of the facts and objects of the motion. Preliminary or procedural motions and petitions need not be printed, but may be filed in four legibly typed copies.

"2. No motion to dismiss, except on special assignment by the court, shall be heard, unless previous notice has been given to the adverse party, or the counsel or attorney of such party."

2. Rule 75(j), Federal Rules of Civil Procedure

"Record for preliminary Hearing in Appellate Court.

"If, prior to the time the complete record on appeal is settled and certified as herein provided, a party desires to docket the appeal in order to make in the appellate court a motion for dismissal, for a stay pending appeal, for additional security on the bond on appeal or on the supersedeas bond, or for any intermediate order, the clerk of the district court at his request shall certify and transmit to the appellate court a copy of such portion of the record or proceedings below as is needed for that purpose."

3. 219 F.Supp. 468.

gently decide the issue of relevance, materiality, and, most important, of privilege. We are not in an equal position now to make such a judgment.

Accordingly, we do not believe a piecemeal appeal should be allowed under these circumstances. We are unable to pass upon the lower court's ruling that these documents be sealed and not available to appellant because they are privileged attorney-client writings. The dismissal of this suit by the court below, after trial on the merits, was not based in any way on the sealed documents. It is necessary, therefore, that this Court have a greater knowledge of all the facts involved before passing on the issue of whether these documents are privileged. When this appeal is heard on the merits of the case, we will have before us all of the material, facts and evidence necessary to decide the relevance, materiality and admissibility of the documents sought.

The motion for an intermediate order is denied.