STATE OF CONNECTICUT *v.* MICHAEL S. AMARA

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued October 13—decided December 29, 1964

*Arthur L. Spada,* with whom was *Victor I. Moses,* for the appellant (defendant).

*Harry W. Edelberg,* prosecuting attorney, for the appellee (state).

MURPHY, J. The defendant was convicted by a jury in the Circuit Court of breach of the peace and resisting an officer. The judgment was affirmed by the Appellate Division of that court, and we granted certification. Practice Book §§ 740, 742.

The record which has been furnished to us and to which we are restricted in our review of the case lacks much of the material necessary to a proper consideration of the appeal on its merits. In the request for finding, the defendant set out five questions of law which he desired to have reviewed by the Appellate Division and assigned error as to them on his appeal. Error was claimed in the denial of a motion to quash, in the denial of a motion to dismiss, in the denial of a motion for judgment notwithstanding the verdict, in the refusal to charge as requested, and in the charge as given. These assignments were discussed in the opinion of the Appellate Division. The opinion refers to the information and a bill of particulars upon which the motion to quash was based. Although the information has been printed, there is no bill of particulars in the record, so that it is impossible to review the action taken on the motion to quash, if that action is reviewable. See Practice Book § 1008; *State* v. *Chin Lung,* 106 Conn. 701, 717, 721, 139 A. 91. The judgment file makes no mention of the bill of particulars, the motion to quash, the motion to dismiss or the motion for judgment notwithstanding the verdict. Both the state and the defendant, in

their briefs, refer to and discuss each of these items, so that it seems reasonable to suppose that they were matters which came before the court for action. Therefore, the fact that they were filed or made, as well as the action taken upon them, should be recited in the judgment file. The Appellate Division found no error in the denial of the motion for judgment notwithstanding the verdict. No mention is made in its opinion of the need for a motion for a directed verdict as a prerequisite to the motion for judgment notwithstanding the verdict. Practice Book § 255; *Masterson* v. *Atherton,* 149 Conn 302, 314, 179 A.2d 592. Unless a motion for a directed verdict was made, the Appellate Division should not have considered the motion for judgment notwithstanding the verdict.

The trial judge made a finding of the claims of proof by the state and by the defendant. The seventeenth paragraph of the state's claims recites that in addition to the preceding sixteen paragraphs, the state submitted that fourteen of the paragraphs of the draft finding were correct statements of the facts proven on the trial. As those fourteen paragraphs do not appear in the record, we are unable to ascertain the full extent of the state's claims of proof. The trial court should have made a proper finding. *Diamond Match Co.* v. *Crute,* 145 Conn. 277, 280, 141 A.2d 247.

From the claims of proof which are printed in the record, it appears that on the night of October 27, 1961, Howard A. Russell, a Middletown police officer, entered a diner on Main Street and either requested or ordered the defendant, who was seated at the counter holding his head in his hands, which had blood on them, to go with him to police headquarters for questioning. Before entering the diner,

Russell had observed the prostrate body of a man lying on the sidewalk a short distance away. Russell and three other policemen went to the scene as the result of a call that a fight had occurred in the vicinity. Russell put his hand on the defendant, who objected to going and tried to return to his seat, but Russell took his arm and led him outside. On the sidewalk, the defendant attempted again to release himself from Russell's grip. George M. Warzecha, a police officer, came to assist Russell. The defendant tried to punch Warzecha and then kicked James Genovese, another police officer, who struck the defendant with his blackjack. The defendant was formally arrested after the scuffle on the sidewalk. Other details in the finding are not essential to our decision. Later, the police learned that the prostrate person was intoxicated and had fallen as a result of his condition and that the defendant had not been involved in any manner with him.

The defendant assigned error in the refusal of the court to charge the jury in accordance with his many requests to charge. In addition, error is claimed in one paragraph of the charge as given. The court instructed the jury: "It is the duty of any one who is about to be arrested by an officer, arrested or even accosted by an officer, I might say, while acting in the line of his duty to submit to custody or arrest without any resistance or abuse." That is the only portion of the charge in the record. It is not a correct statement of the law. No attempt was made to distinguish between a lawful arrest and one which is unlawful, despite the fact that the defendant requested a charge that an accused person may resist an unlawful arrest and is not bound to submit to an illegal arrest. *State* v. *Engle,* 115 Conn. 638, 648, 162 A. 922; *State* v. *Scheele,* 57 Conn.

307, 320, 18 A. 256; 5 Am. Jur. 2d 778, Arrest, § 94. As we understand the defendant's position from his claims of proof and his requests to charge, it is that Russell, without a warrant and lacking speedy information that the defendant had been engaged in a fight with the person lying on the sidewalk, and without any grounds, let alone reasonable ones, that the defendant had committed a felony (General Statutes § 6-49), placed the defendant under arrest inside the diner; that the arrest was unlawful; and that the defendant was justified in resisting the arrest. The state claims that the arrest occurred outside the diner after the defendant had attempted to walk away from Russell and had struck Warzecha. In view of the disputed state of the facts, the question where and when the arrest occurred was for the jury, under proper instructions by the court on the essentials of a legal arrest. 6 C.J.S. 571, Arrest, § 1 (b); 5 Am. Jur. 2d 741, Arrest, § 49.

We can find nothing in the record in this case to warrant the assumption expressed in the opinion of the Appellate Division that Russell, while in the diner, had reasonable grounds for believing that the defendant had committed an aggravated assault upon the intoxicated person who was lying on the ground, or an assault with intent to kill or to rob him, or any other felony. The function of the Appellate Division is to review errors of law; General Statutes § 51-265; not to conjure up speculative defenses.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.