**GREAT LAKES CARBON CORPORATION, Appellant,**

v.

**CONTINENTAL OIL COMPANY et al., Appellees.**

No. 20925.

United States Court of Appeals Fifth Circuit.

May 17, 1965.

Rehearing Denied June 9, 1965.

Earl Babcock, Duncan, Okl., S. W. Plauche, Jr., A. L. Plauche, Lake Charles, La., Wayne L. Benedict, Washington, D. C., Carl F. Peters, Palatine, Ill., Plauche & Plauche, Lake Charles, La., Richard McAvoy, New York City, for appellant.

Richard Russell Wolfe, C. Frederick Leydig, John L. Parker, Chicago, Ill., Billy H. Hines, New Orleans, La., Cullen R. Liskow, Lake Charles, La., for appellees.

Before MARIS,* RIVES and BROWN, Circuit Judges.

PER CURIAM:

This is an appeal by the plaintiff Great Lakes Carbon Corporation from a judgment of the District Court for the Western District of Louisiana dismissing its complaint against the defendants Continental Oil Company, Lake Charles Chemical Corporation and Union Carbide Corporation for patent infringement and for violation of trade secrets and unfair competition.  The patent involved was No. 2,775,549 issued to Shea on December 25, 1956 on a process for making needle coke from petroleum hydrocarbons.  The patent was subsequently assigned to the plaintiff.  The trade secret

3.  28 U.S.C. § 1653.

* Of the Third Circuit, sitting by designation.

alleged was identified by the plaintiff as being the process of the patent.

Since 1953 defendant Continental has been engaged in manufacturing needle-coke, also called premium or No. 1 coke, under contract for the plaintiff at its refinery in Ponca City, Oklahoma. Such high grade coke is required in the manufacture of large graphite electrodes for use in electrical furnaces. It appears that the process used at Ponca City by defendant Continental in making such coke for the plaintiff was that of the patent in suit.

In 1958 defendants Continental and Lake Charles began and thereafter have continued making premium coke at their refinery at Lake Charles, Louisiana, under contract for defendant Union Carbide. It is this operation which is the basis of the plaintiff's complaint, its allegation being that the process used at Lake Charles infringes the Shea patent and by the same token is an unfair use of its trade secret. The defendants assert, on the other hand, that the process under attack is not within the claims of the Shea patent, limited, as the defendants say they must be, by file wrapper estoppel. The defendants assert in the alternative that if the Shea patent is construed so broadly as to cover the Lakes Charles process it is invalid. For the same reasons the defendants assert that they have not appropriated or used any trade secret of the plaintiff in that process. After a trial on the merits the district court dismissed the complaint. The plaintiff thereupon took the present appeal.

■ On this appeal the plaintiff urges that the district court erred in numerous findings of fact, in its conclusions as to the limitation of the claims of the patent under the doctrine of file wrapper estoppel, and as to the invalidity of the patent if not so limited, and in its conclusion that the defendants had not appropriated or used a trade secret of the plaintiff. Our study of the case has sat-isfied us that there is no merit in any of these contentions. We think that the findings of fact of the district court are amply supported by the evidence. Certainly none of them is clearly erroneous. Likewise we find ourselves in complete accord with the district court's legal conclusions for the reasons ably and exhaustively set out in the opinion filed by Judge Hunter, 1963, 219 F.Supp. 468. We are in full agreement with his thorough and scholarly discussion of the questions involved. It fully supports the judgment and we have nothing further to add to it.

One further matter must be considered. In the course of the trial the plaintiff sought the right to inspect certain documents from the file of a patent attorney employed by defendant Continental. Defendant Continental claimed that the documents were privileged communications with its counsel but, nonetheless, submitted them to the district court for its inspection and ruling. The court ruled that some of the documents were privileged and that some were not. The latter were then furnished to the plaintiff but the former were impounded by the district court and were transmitted, sealed, to this court with the record on appeal.

■ After the appeal was taken the plaintiff moved this court for the right to inspect the impounded documents. At the hearing of the motion this court deferred its further consideration until the hearing of the appeal on the merits. Great Lakes Carbon Corp. v. Continental Oil Co., 1964, 5 Cir., 332 F.2d 588. We have now given further consideration to the motion and have examined the impounded documents. We are satisfied that the district court did· not err in holding them to be privileged against inspection by the plaintiff.

The motion for inspection is denied and the judgment of the district court is affirmed.