STATE OF CONNECTICUT *v.* TOMMIE J. HART

HOUSE, C. J., LOISELLE, MACDONALD, LONGO and BARBER, Js.

Argued June 5—decision released August 26, 1975

*Edwin M. Lavitt,* special public defender, with whom, on the brief, was *Harold M. Levy,* for the appellant (defendant).

*Donald B. Caldwell,* state's attorney, with whom, on the brief, was *Abbot B. Schwebel,* assistant state's attorney, for the appellee (state).

Longo, J. The defendant was convicted, on a trial to a jury, of one count of assault in the first degree in violation of § 53a-59 (a) (1) of the General Statutes. He appealed from the judgment, assigning error in (1) the denial of his motion to set aside the verdict; (2) the denial of his motion to dismiss; (3) the denial of his motion for change of venue; (4) the denial of his challenge to the jury array; (5) the denial of his motion for a separate trial;

(6) the refusal of the trial court to release him from the segregation unit of the Connecticut correctional institution, Somers; and (7) the refusal to strike the testimony of a witness for an alleged violation of the court's sequestration order.

We consider first the defendant's claim of error in the denial of his motion to set aside the verdict as unsupported by the evidence. Since this appeal was taken before the new rules of appellate procedure went into effect on October 15, 1974, such a claim is tested by the evidence printed in the appendices to the briefs. *State* v. *Panella,* 168 Conn. 532, 533, 362 A.2d 953; *State* v. *Lally,* 167 Conn. 601, 603, 356 A.2d 897. From that evidence the jury could reasonably have found the following: On May 22, 1972, there was a baseball game played at Somers between inmates of the Connecticut correctional institution, Enfield, and the Connecticut correctional institution, Somers. Officer Granville I. Prentiss went with the inmates from Enfield to Somers, and he was on the recreation field with them that afternoon. At approximately 6 p.m. a group of inmates, including the defendant, picked up baseball bats and began beating several correctional officers with the bats. The defendant was identified as one of the inmates who hit Officer Prentiss. Officer Prentiss was later treated for lacerations on his skull, bruised ribs, and a fractured skull. He sustained injuries of sufficient severity to cause impairment of bodily function.

The defendant offered evidence which he claimed shows that he was not involved in the beating of Officer Prentiss. With an issue of fact, the evidence must be viewed in a light most favorable to sustaining the jury's verdict. *State* v. *Panella,* supra,

534; *State* v. *Malley,* 167 Conn. 379, 381, 355 A.2d 292. It is clear from the evidence that the jury were amply justified in reaching their verdict, and we find no error in the ruling of the trial court denying the defendant's motion to set aside the verdict on the ground that it was not supported by the evidence.

On June 20, 1972, the state's attorney for Tolland County, after a finding of probable cause, obtained a bench warrant for the arrest of the defendant, charging him with five counts of assault in the first degree and one count of possession of a weapon in a correctional institution in violation of §§ 53a-59 (a) (1) and 53a-174a, respectively, of the General Statutes. On the same day the court issued a writ of habeas corpus to bring the defendant to the Superior Court in Tolland County on June 27, 1972, from the Connecticut correctional institution, Somers, where he was incarcerated for prior offenses. On July 7, 1972, the defendant timely filed a motion to dismiss the information against him, alleging that the "Bench Warrant issued that resulted in his arrest was invalid and defective and the Affidavit submitted does not allege facts sufficient to support a finding of probable cause." This motion was denied by the court on August 22, 1972.

The defendant claims that the trial court's refusal to respond to the issue of whether the affidavit submitted to the judge issuing the warrant contained a sufficient basis for finding probable cause was prejudicial error.

A review of the record indicates that there was probable cause for issuance of the bench warrant. The affidavit disclosed that several people observed the defendant strike Officer Prentiss and others with

a baseball bat during a disturbance at Somers on May 22, 1972. These facts are more than sufficient to show probable cause for the issuance of the warrant. See *State* v. *Jackson,* 162 Conn. 440, 294 A.2d 517, cert. denied, 409 U.S. 870, 93 S. Ct. 198, 34 L. Ed. 2d 121. Therefore, the warrant was validly issued, and there was no error in the denial of the motion to dismiss.

Error has been assigned in the refusal of the trial court to grant a motion for change of venue. The defendant claims that he could not receive a fair trial in Tolland County for two reasons: First, there was widespread news publicity in Tolland County concerning the case, thereby making it impossible for a fair and impartial jury to be selected; and second, since he is a black man, and Tolland County is almost totally white in racial mixture, he would be unable to select a fair, impartial and representative jury of his peers. The court found that the defendant not only failed to prove that publicity in the local news media prejudiced him and that he could not receive a fair trial but also that the defendant failed to prove that a Tolland County jury would be prejudiced against him because he is black.

When requesting a change of venue, the defendant has the burden of showing that he could not receive a fair and impartial trial. *State* v. *Rogers,* 143 Conn. 167, 172, 120 A.2d 409, cert. denied, 351 U.S. 952, 76 S. Ct. 850, 100 L. Ed. 1476; *State* v. *Chapman,* 103 Conn. 453, 470, 130 A. 899. More specifically, with regard to publicity in the news media, the defendant must show more than the mere fact of publicity. He must demonstrate that it was prejudicial and prevented him from being accorded a fair

and impartial trial. *State* v. *Rogers,* supra, 172; *State* v. *Leopold,* 110 Conn. 55, 58, 147 A. 118; *State* v. *Rocco,* 109 Conn. 571, 572, 145 A. 47; *State* v. *Chapman,* supra.

Furthermore, the court exercises its discretion in the decision as to whether a change of venue should be granted. *State* v. *Rogers,* supra, 172; *State* v. *Luria,* 100 Conn. 207, 209, 123 A. 378. There was no finding of facts showing that a fair and impartial trial could not be had, and thus the court did not abuse its discretion in denying the motion.

The defendant has assigned as error the denial of his challenge to the jury array. It is admitted that, on January 3, 1973, the defendant orally challenged the jury array on the ground that no blacks were on the panel. This challenge was denied and an exception was taken. On January 9, 1973, a new panel was sworn and the defendant renewed his challenge on the same ground. This challenge was again denied, but no exception was taken.

The finding does not indicate from which jury array the members of the defendant's jury were chosen. It is assumed that the jury consisted of persons selected from both arrays. Although exceptions to rulings of the trial court must be taken in order to preserve a ground of appeal; Practice Book § 226; *Guerrieri* v. *Merrick,* 145 Conn. 432, 435, 143 A.2d 644; the exception taken to the court's ruling on January 3 is sufficient to enable this court to consider the assignment of error. See *Liebman.* v. *Society of Our Lady of Mount St. Carmel, Inc.,* 151 Conn. 582, 585, 200 A.2d 721.

In his motion for change of venue, the defendant introduced evidence, and the court found, that

there were 1149 blacks in Tolland County in a total population of 103,440, according to the United States bureau of the census statistics of 1970. The defendant offered no evidence to support his challenge of the jury array.

" 'A challenge to the array of jurors is an objection to the whole panel of jurors at once, and in order to be available it must be for a cause that affects all the jurors alike.' *State* v. *Hogan,* 67 Conn. 581, 583, 35 A. 508." *State* v. *Townsend,* 167 Conn. 539, 544, 356 A.2d 125. A purposeful or deliberate denial to blacks, on account of race, of the right to serve on a jury violates the equal protection clause of the United States constitution. *Ex parte Virginia,* 100 U.S. 339, 25 L. Ed. 676; *Gibson* v. *Mississippi,* 162 U.S. 565, 16 S. Ct. 904, 40 L. Ed. 1075.

Furthermore, a defendant is not constitutionally entitled to demand a proportionate number of his race on the jury which tries him, nor on the jury roll. *Cassell* v. *Texas,* 339 U.S. 282, 70 S. Ct. 629, 94 L. Ed. 839; *Thiel* v. *Southern Pacific Co.,* 328 U.S. 217, 220, 66 S. Ct. 984, 90 L. Ed. 1181; *Virginia* v. *Rives,* 100 U.S. 313, 322–23, 25 L. Ed. 667. All that is required is for an impartial jury to be drawn from a cross section of the community. *Smith* v. *Texas,* 311 U.S. 128, 130, 61 S. Ct. 164, 85 L. Ed. 84. "From time immemorial in this state, the community unit which is the basis for the source of a jury array is that of a county," in this instance, Tolland County. *State* v. *Townsend,* supra, 551.

"[P]urposeful discrimination may not be assumed or merely asserted. *Brownfield* v. *South Carolina,* 189 U.S. 426, [23 S. Ct. 513, 47 L. Ed. 882]; *Tarrance*

v. *Florida,* 188 U.S. 519, [23 S. Ct. 402, 47 L. Ed. 572]; *Smith* v. *Mississippi,* 162 U.S. 592, [16 S. Ct. 900, 40 L. Ed. 1082]; *Bush* v. *Kentucky,* 107 U.S. 110, [1 S. Ct. 625, 27 L. Ed. 354]. It must be proven. *Tarrance* v. *Florida,* supra; *Martin* v. *Texas,* 200 U.S. 316, [26 S. Ct. 338, 50 L. Ed. 497]." *Swain* v. *Alabama,* 380 U.S. 202, 205, 85 S. Ct. 824, 13 L. Ed. 2d 759. Since the defendant offered no evidence other than population statistics for Tolland County, he has not met his burden of proof, and therefore his claim must fail.

Error has been assigned in the denial of the defendant's motion for a separate trial. The defendant was tried with two other defendants implicated in the same prison disturbance. Practice Book § 532[1] requires joint trials of two or more persons being tried for the same offense unless good cause exists for a severance of the trials. Motions for separate trials are addressed to the sound discretion of the court. Separate trials will be ordered where the "defenses of the accused are antagonistic, or where evidence will be introduced against one which will not be admissible against others, and it clearly appears that a joint trial will probably be prejudicial to the rights of one or more of the accused." *State* v. *McCarthy,* 130 Conn. 101, 104, 31 A.2d 921; *State* v. *Klein,* 97 Conn. 321, 323, 116 A. 596.

---

[1] "[Practice Book] Sec. 532. JOINDER; SEPARATE TRIAL

"All persons prosecuted for any offense committed by two or more persons shall, unless good cause shall exist for proceeding otherwise, be joined in the same complaint.

"Nothing contained in this section shall be construed to limit the power of the court to order a separate trial for any person charged jointly with another or for any offense charged with other offenses in the same complaint. The word complaint as used in this section shall include all forms of criminal prosecutions."

The primary test for the trial court is the knowledge of the court of the relevant circumstances at the time the motion is made. *State* v. *McCarthy,* 133 Conn. 171, 174, 49 A.2d 594; *State* v. *Cianflone,* 98 Conn. 454, 461, 120 A. 347. If substantial injustice is likely to result from a joint trial, the trials must be separated. *State* v. *Klein,* supra, 324. "The test for this court is whether the denial of the motion for a separate trial has resulted in substantial injustice to the accused. *State* v. *Castelli,* 92 Conn. 58, 101 A. 476; *State* v. *Brauneis,* 84 Conn. 222, 79 A. 70." *State* v. *Klein,* supra, 324. Upon a motion for separate trials it is the duty of the state's attorney to apprise the court of his intention to offer confessions or admissions as to one of the accused and not as to the other. *State* v. *Cianflone,* supra, 462. There were no out-of-court statements made by any of the accused.

The offense charged against all the defendants had unity in time, place and circumstance. After examining the record it is clear that the evidence concerning the event in question was best and most clearly developed in one trial. It does not appear that the trial judge abused his discretion in denying the motion or that any injustice resulted to the defendant. See *State* v. *McCarthy,* 133 Conn. 171, 175, 49 A.2d 594. In fact, one of the defendants was acquitted of all charges and the defendant in the present case was found guilty on only one count of the two which went to the jury, and neither had made any out-of-court confessions to the charges. See *Bruton* v. *United States,* 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476.

The defendant has assigned error in the refusal of the trial court to release him from the segregation

unit of the Connecticut correctional institution, Somers, claiming this denied him the effective assistance of counsel by precluding him from obtaining witnesses in his behalf. It should be noted that the defendant has not challenged the authority of correctional authorities to maintain a segregation unit at the institution, nor has he challenged the propriety of his being assigned to that unit.

The record shows that the defendant was placed in the administrative segregation unit on May 22, 1972. He did not make his request for release from the unit until January 9, 1973, after his trial had commenced. The defendant's trial attorney was always permitted to confer with the defendant at Somers, and the defendant had unlimited access to the law library in the institution.

The defendant claims that he "was unable to seek other inmates in the general population who *may* have been witnesses in his behalf." (Emphasis added.) It appears that the defendant called as his witness at least one other inmate.

The defendant was segregated for approximately six and one-half months after the issuance of the bench warrant for his arrest before he made a motion for release from administrative segregation. He did not ask for a continuance of his trial. Furthermore, it was only speculation on his part as to whether there was any evidence which he could have discovered to help in his defense. Therefore, we find no merit to this claim.

Finally, the defendant assigns as error the failure of the trial court to strike the testimony of Thomas J. Bowden because of a claimed violation of the sequestration order.

The court, upon motion by the defendant and the state, caused the witnesses to be sequestered during the trial. Bowden and Vernon Jones, both witnesses against the defendant, were subpoenaed by the state and were detained together in the same cell at the Superior Court in Tolland County while waiting to testify. Jones did not testify at the trial, and Bowden was never present in court to hear the testimony of any other witness. A sequestration order, granted by authority of General Statutes § 54-85a, does no more than prohibit a sequestered witness from being in the courtroom when he is not testifying. *State* v. *Williams,* 169 Conn. 322, 331, 363 A.2d 72.

Since Bowden was not present in the courtroom during the testimony of any other witness, the sequestration order was not violated and there was no error in the refusal of the court to strike his testimony.

There is no error.

In this opinion the other judges concurred.