STATE OF CONNECTICUT *v.* DAVID J. CONCAUGH

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and BARBER, Js.

Argued November 7, 1975—decision released January 20, 1976

*Thomas F. Brown,* special public defender, with whom, on the brief, was *John W. Kline,* for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, and *John J. Kelly,* assistant state's attorney, for the appellee (state).

BARBER, J. The defendant was tried to a jury and found guilty of one count of assaulting a police officer in violation of § 53-165b of the General Statutes, and one count of resisting a police officer in violation of § 53-165 of the General Statutes. A verdict of not guilty was rendered upon a count alleging the theft of a motor vehicle in violation of § 53-57 of the General Statutes. Thereafter, the defendant entered a plea of guilty of being a second offender in violation of § 54-118 of the General Statutes. The court denied motions by the defendant to set aside the verdict and to render judgment in his favor notwithstanding the verdict. The defendant has appealed, claiming that the evidence presented was insufficient to warrant conviction and that the court erred in its charge to the jury.

A brief summary of the evidence presented at trial, as printed in the appendices to the briefs, will serve to place the defendant's claims on appeal in context. On March 13, 1970, Darrell E. York was an officer with the Wallingford police department, working the 8 a.m. to 4 p.m. shift. After completing his shift on that day, Officer York returned home, changed into casual clothing, and had supper with his family. About 8:30 that evening, York went out with a neighbor for a drink and had two shot-glass-sized drinks of Drambuie, which were

the only alcoholic beverages which he consumed that day. Returning home at about 10:30 p.m., he was standing in the driveway across from his house on Wrinn Street, which is a dead-end street in Wallingford, when he heard a loud roar of an engine and wheels spinning and saw an automobile coming up the street toward him at a high rate of speed, swerving back and forth across the street. The operator of the automobile locked its brakes, stopped, backed up a little, then started down the street in front of York. As Officer York stepped out on the street attempting to flag down the automobile, the operator finally came to a stop up against the side of the street. York went to the operator's side of the automobile, opened the door, displayed his police identification card which was contained in his wallet, and told the operator that he was a police officer and that he (the operator) was under arrest. At the time the defendant was a passenger in the front seat of the automobile. While York was holding his identification card in his hand, the defendant got out of the automobile and said, "What do you want with us, you're no f'n cop," and pushed York. The operator of the automobile and the defendant then got back into the car and drove away. York followed in his own car and found the automobile broken down a short distance away on Grieb Road with the defendant and two other men standing by the car. Officer York approached the men and again told them that he was a police officer and that they were under arrest. He intended at this time to arrest the operator for reckless driving and the defendant for breach of the peace. The three men gathered around Officer York and the defendant hit the officer over the left eye and all three men began striking and kicking

him, knocking him to the ground and rendering him semiconscious. Then the three men left, taking Officer York's automobile.

As a result of the incidents which occurred on Grieb Road, the defendant was charged with violating § 53-165b of the General Statutes which, in pertinent part, reads as follows: "Any person who makes an assault upon a police officer . . . while such officer . . . is performing his official duties is guilty of an aggravated assault." The defendant was also charged with violating § 53-165 in connection with the pushing incident on Wrinn Street. That section reads, in pertinent part, as follows: "Any person who . . . resists . . . any police officer . . . in the performance of his duties shall be subject to the penalties provided." The defendant was convicted on both charges.

The basic issue raised on appeal is whether the trial court erred in charging that it was incumbent upon the state to prove that the defendant *knew* that York was a police officer, rather than charging, in accordance with the defendant's contention, that the state was required to prove that York was "reasonably identifiable" as a police officer. The relevant portions of the charge are set out in the footnote below.[1]

Neither § 53-165b nor § 53-165 requires that the police officer assaulted or resisted be "reasonably

[1] "Now, on the charge in the first count of assault, it is essential that the State prove to you beyond a reasonable doubt each of the following elements: 1. That Darrell York was a member of the Wallingford Police Force at the time of the alleged assault. 2. That the defendant, Concaugh, assaulted Darrell York. 3. That at the time of the alleged assault of Darrell York by Concaugh, that Darrell York was performing his official duties as a police officer. 4. That

identifiable" as such. Nor does § 53-165a, which defines "police officer" for purposes of §§ 53-165b and 53-165 as "a member of a regularly organized police department of a municipality who is responsible for the prevention or detection of crime and the enforcement of the general criminal laws of the state" contain a "reasonably identifiable" requirement.

The "reasonably identifiable" element which the defendant contends is essential has apparently been elicited from General Statutes § 53a-23 which reads in part as follows: "A person is not justified in using physical force to resist an arrest by a *reasonably identifiable* peace officer, whether such arrest is legal or illegal." (Emphasis added.) Section 53a-23, which became effective with the penal code October 1, 1971, after both the offense and conviction in the present case, can only be read as abrogating the common-law rule, established in this state in cases such as *State* v. *Amara,* 152 Conn. 296, 299, 206 A.2d 438, and *State* v. *Engle,* 115 Conn. 638, 648, 162 A. 922, that a person may resist an illegal arrest. The section, therefore, has no pertinence to the present case.

In instructing the jury that knowledge on the defendant's part of York's official capacity was an essential element of the crimes charged, the court went beyond the plain wording of the statutes, which contain no scienter requirement, and exceeded the

at the time of the alleged assault, the defendant, Concaugh, knew that Darrell York was a member of the police force. 5. That at the time of the alleged assault, the defendant, Concaugh, intended to assault Darrell York. And 6. That the defendant, Concaugh, assaulted Darrell York without justifiable or excusable cause."

On the count of resisting an officer, the court gave the identical charge, except for necessary changes in points of detail.

minimum requirements of due process.[2] If the court erred in its charge, the error clearly was in the defendant's favor and, therefore, harmless. To require reversal, an error in the court's charge to the jury must have been harmful to the appellant. *State* v. *Raffone,* 161 Conn. 117, 128, 285 A.2d 323. The charge presented the case to the jury in such a manner that no injustice to the defendant was likely to occur. *State* v. *Mullings,* 166 Conn. 268, 275, 348 A.2d 645; *Robinson* v. *Faulkner,* 163 Conn. 365, 306 A.2d 857. Furthermore, the defendant neither requested the court to charge that it was necessary for the state to prove that York was "reasonably identifiable" as a police officer, nor took exception to the absence of any such element in the charge.

The defendant also claims that the court erred in leaving to the jury the question of whether Officer York was acting within the scope of his police duties when the defendant assaulted him and resisted him. Since Officer York was admittedly off duty, dressed

---

[2] See *United States* v. *Feola,* 420 U.S. 671, 95 S. Ct. 1255, 43 L. Ed. 2d 541, holding that the statute concerning assault on a federal officer, 18 U.S.C. § 111, "cannot be construed as embodying an unexpressed requirement that an assailant be aware that his victim is a federal officer. All the statute requires is an intent to assault, not an intent to assault a federal officer." Id., 684. "This interpretation poses no risk of unfairness to defendants. It is no snare for the unsuspecting. . . . The situation is not one where legitimate conduct becomes unlawful solely because of the identity of the individual or agency affected. In a case of this kind the offender takes his victim as he finds him." Id., 685. "We are not to be understood as implying that the defendant's state of knowledge is never a relevant consideration . . . . The statute does require a criminal intent, and there may well be circumstances in which ignorance of the official status of the person assaulted . . . negates the very existence of mens rea." Id., 686; see also *State* v. *Husser,* 161 Conn. 513, 515, 290 A.2d 336; *State* v. *Sul,* 146 Conn. 78, 85, 147 A.2d 686.

in casual civilian clothes, and had been drinking, the defendant claims that as a matter of law York did not qualify as "a police officer . . . performing his official duties." The contention is without merit. For purposes of §§ 53-165 and 53-165b of the General Statutes, "police officer" is defined by § 53-165a (b) as "a member of a regularly organized police department of a municipality who is responsible for the prevention or detection of crime and the enforcement of the general criminal laws of the state." Police officers are obliged by § 6-49 of the General Statutes to "arrest, without previous complaint and warrant, any person for any offense in their jurisdiction, when such person is taken or apprehended in the act . . . ." See *State* v. *Holmes,* 160 Conn. 140, 147, 274 A.2d 153. There is no provision in either § 6-49 or § 53-165a (b) which operates to exclude from their coverage police officers not on duty or not in uniform. Evidence was presented at trial which tended to prove that Officer York was a member of the Wallingford police department and that he had observed the automobile in which the defendant was riding being driven recklessly and at a high rate of speed. The court properly left to the jury the question of whether, under these circumstances, Officer York was "a police officer acting within the scope of his official duties."

The defendant's final contention is that the court erred in denying his motions to set aside the verdict and to render judgment in his favor notwithstanding the verdict, since there was not sufficient evidence to support the verdict. Under the appellate rules applicable to jury cases at the time this appeal was taken and the assignment of errors filed, a claim that the verdict is not supported by the evidence is tested by the evidence presented in the appendices

to the briefs. *State* v. *Hicks,* 169 Conn. 581, 582, 363 A.2d 1081; *State* v. *Hart,* 169 Conn. 428, 430, 363 A.2d 80. In reviewing the rulings of the court in not granting the defendant's motions to set aside the verdict and to render judgment in his favor, the evidence must be given a construction most favorable to sustaining the jury's verdict. *State* v. *Panella,* 168 Conn. 532, 534, 362 A.2d 953; *State* v. *Bryant,* 166 Conn. 266, 348 A.2d 635. The evidence presented in the appendices, summarized at the outset of this opinion, amply justified a finding of guilty beyond a reasonable doubt.

There is no error.

In this opinion the other judges concurred.